**John and Darphine SMITH, on Behalf of John Tyrone SMITH, Jr., a minor, Petitioners,**

v.

**SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.**

**No. 91–906V.**

United States Claims Court.

March 27, 1992.

John L. Quinn, Jr., Birmingham, Ala., for petitioners.

Charles R. Gross, Washington, D.C., with whom was Asst. Atty. Gen. Stuart M. Gerson, for respondent.

## ORDER

MOODY R. TIDWELL, III, Judge:

Under the National Childhood Vaccine Injury Act of 1986 ("Vaccine Act" or "Act"), *codified as amended* 42 U.S.C. §§ 300aa–1 to 300aa–33 (1988 & Supp. I 1989), this matter comes before the court on motion for review of Chief Special Master Gary J. Golkiewicz's decision to dismiss petitioners' claim with prejudice. For the reasons stated below, the court affirms the decision of the Special Master.

## FACTS

On January 30, 1991, John and Darphine Smith, acting *pro se* on behalf of John Tyrone Smith, Jr., a minor, mailed a petition for relief to the Clerk of the United States Claims Court. The petition was received by the Clerk of the Court and filed on February 8, 1991, seven days after the statutory deadline.[1] On May 23, 1991, Chief Special Master Golkiewicz issued an order granting petitioners 21 days to show cause why the petition should not be dismissed with prejudice for failure to file within the statutory deadline. *See* 42 U.S.C. § 300aa–16(a)(1). In their response, petitioners argued that the petition should be considered timely filed under RUSCC 3(b)(2)(C). Alternatively, petitioners argued that the doctrine of equitable tolling should apply in this case. Respondent asserted that RUSCC 3(b)(2)(C) is inapplicable to actions under the National Vaccine Injury Compensation Program, and that equitable tolling cannot be used to extend the filing period limited by 42 U.S.C. § 300aa–16(a)(1). Chief Special Master Golkiewicz dismissed petitioner's claim with prejudice on October 7, 1991, noting that the petition was time-barred and that equitable tolling was inappropriate in this case. On November 6, 1991, petitioners filed a motion for review in this court, alleging that the Chief

---

1. For injuries sustained from a vaccine administered prior to enactment of the Vaccine Act, the statutory deadline was February 1, 1991. 42 U.S.C. § 300aa–16(a)(1).

Special Master's dismissal was erroneous as a matter of law.

## DISCUSSION

■ In reviewing the decision of a special master, this court has authority to "set aside any findings of fact or conclusion[s] of law ... found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 42 U.S.C. § 300aa–12(e)(2)(B). By the plain language of the statute, *de novo* review, as to legal conclusions or factual findings, is no longer appropriate. *Stotts v. Secretary of Dep't of Health & Human Servs.*, 23 Cl.Ct. 352, 358–61 (1991); *see Hines v. Secretary of Dep't of Health & Human Servs.*, 940 F.2d 1518, 1523–24 (Fed.Cir.1991); *Murphy v. Secretary of Dep't of Health & Human Servs.*, 23 Cl.Ct. 726, 729–30 (1991). " '[A]rbitrary and capricious' is a highly deferential standard of review." *Hines*, 940 F.2d at 1528. A reviewing court may not substitute its own judgment for that of a special master if the special master has considered all relevant factors, and has made no clear error of judgment. *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416, 91 S.Ct. 814, 823, 28 L.Ed.2d 136 (1971); *Hyundai Elecs. Indus. v. United States Int'l Trade Comm'n*, 899 F.2d 1204, 1209 (Fed.Cir.1990); *Gamalski v. Secretary of the Dep't of Health & Human Servs.*, 21 Cl.Ct. 450, 451–52 (1990). Accordingly, this court must grant the Chief Special Master wide latitude in determining the propriety of dismissing petitioners' claim.

## I. The Petition Was Not Timely Filed.

■ Petitioner argued that the Chief Special Master erred as a matter of law in holding that RUSCC 3(b)(2)(C) did not apply to cases brought under the Vaccine Act.[2] The Vaccine Rules, however, specifically state that the "RUSCC apply only to the extent referenced." RUSCC App. J, ¶ 1. Nowhere in the Vaccine Rules has RUSCC 3(b)(2)(C), or a similar rule, been referenced. In fact, a rule corresponding to RUSCC 3(b)(2)(C) was specifically omitted from the Vaccine Rules. *See Vasquez v. Secretary of the Dep't of Health & Human Servs.*, No. 91–895V, slip op. at 7 (Cl.Ct. Dec. 20, 1991). As a result, Chief Special Master Golkiewicz properly concluded that RUSCC 3(b)(2)(C) does not apply to cases filed under the Act.

Petitioner also contended that the Chief Special Master's reliance on Vaccine Rule 17, to determine when their petition was filed, was erroneous.[3] They argued that Vaccine Rule 17(a) applies only after the petition itself has been filed, and that subpart (a) should "not have an application broader than the rule of which it is a part." While the language of 17(a) is applicable specifically to filings after the petition, special masters have broad discretion to harmonize provisions of the Vaccine Rules. *See* RUSCC App. J, ¶ 1. The "applicable practice" for filing may be determined by comparing 17(a) to other provisions in Appendix J. Rule 2(a) states that a "proceeding for compensation under the Vaccine Act shall be commenced by the filing of a

2. RUSCC 3(b)(2)(C) is as follows:

In a situation where a complaint is stamped by the clerk after the last date allowed by a statute of limitations for the filing of the complaint, if the complaint was received by the clerk through the mail, it may, by order of court, upon motion of the party plaintiff, be deemed to have been filed on the last date allowed if there is a proper showing (i) that the complaint was sent by registered or certified mail, properly addressed to the clerk at 717 Madison Place, N.W., Washington, D.C. 20005, and with return receipt requested; (ii) that it was deposited in the mail sufficiently in advance of the last date allowed for filing to provide for receipt by the clerk on or before such date in the ordinary course of the mail; and (iii) that the party plaintiff as send-

er exercised no control over the mailing between the deposit of the complaint in the mail and its delivery.

3. RUSCC App. J, ¶ 17(a) is as follows:

**17. Filing and Service of Papers After the Petition. (a) Filing with the Clerk Defined.** All pleading and other papers required to be filed with the clerk by the Vaccine Rules or by order of the special master shall be forwarded to the clerk of the court at the address noted in Vaccine Rule 2. A document is filed with the Office of Special Masters when actually received and marked filed by the clerk, not when mailed. All matter shall be brought to the attention of the Office of Special Masters through filings with the clerk rather than by correspondence.

petition." RUSCC App. J, ¶ 2(a). As to service upon the government, "[a]n executed certificate of such service shall accompany *the petition filed with the clerk.*" RUSCC App. J, ¶ 2(c) (emphasis added). Petitions "not accompanied by all the documents required by statute and the Vaccine Rules, or an affidavit explaining why any missing required documents are unavailable, will not be *filed by the clerk.*" RUSCC App. J, ¶ 2(d)(4) (emphasis added). In light of all these provisions, which indicate that action by the Clerk of the Court is necessary to file a petition, the Chief Special Master could reasonably conclude that petitioners' claim was not filed until received by the Clerk. Thus, the Chief Special Master's decision to dismiss petitioners' claim as time-barred was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

The court recognizes, however, that the Vaccine Rules should not be enforced with draconian zeal. To do so would belie the purpose of the Vaccine Act. *See Vasquez,* slip op. at 5. When a petition is mailed well in advance of the statutory deadline, and extraordinary postal delays cause the petition to reach the Clerk of the Court after the deadline, the petition could be deemed timely filed. *Id.* at 5. In *Vasquez,* a petition for relief under the Vaccine Act was mailed nine days prior to the statutory deadline, but was not received by the court until five days after the deadline expired. The court found such a delay to be extraordinary. *Vasquez,* slip op. at 7–8. Such extraordinary circumstances did not exist in the present case. Here, petitioners mailed their claim, via certified mail, with only two business days to spare. Since certified mail normally requires three days to reach its destination, *Carter v. United States,* 15 Cl.Ct. 753, 755 (1988), this was not a case of extraordinary delay and the jurisdictional deadline established by Congress must be respected.

## II. Equitable Tolling.

■ Finally, petitioners' argued that Chief Special Master Golkiewicz erred by not applying the doctrine of equitable tolling. Equitable tolling applies to federal courts, but has been used sparingly. *Irwin v. Veterans Admin.,* 498 U.S. 89, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990). Where the purpose of a statute of limitations "is clearly to serve as a cutoff ... tolling principles do not apply." *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* —— U.S. ——, 111 S.Ct. 2773, 2782, 115 L.Ed.2d 321 (1991). The Chief Special Master found that Congress intended the twenty-eight month limitations period to serve as a cut off for filing; therefore, equitable tolling does not apply.[4] Again, the court can find no error in the Chief Special Master's decision.

## CONCLUSION

After careful review of Chief Special Master Golkiewicz's order, and applicable case law, the court finds that petitioners have failed to demonstrate that the Chief Special Master was arbitrary, capricious, or abused his discretion in dismissing their petition. For that reason, petitioners' motion for review is denied and the court, pursuant to 42 U.S.C. § 300aa–12(e)(2)(A), hereby affirms the Chief Special Master's October 7, 1991 Dismissal Order. The Clerk of the court is directed to enter judgment accordingly. No costs.

IT IS SO ORDERED.

---

4. As the Special Master noted:

Congress initially granted a 24–month period for retrospective claims to be filed under the Act. National Childhood Vaccine Injury Act of 1986, Pub.L. No. 660, § 2116, 100 Stat. 3755, 3769 (1986). Congress extended the filing deadline for retrospective cases from 24 months to 28 months after the effective date of the Act with the passage of the Vaccine and Immunization Amendments of 1990. 42 U.S.C. § 300aa–16(a)(1).

Based on the congressional record, the Special Master concluded:

Congress could have chosen a longer extension or they could have applied equitable principles with relation to claims not filed by the end of the 28–month limitation period. Congress did neither. It is clear from the context and the nature of the extension that Congress designed a discrete period of time for the filing of pre-Act cases.