**Donnella RASPBERRY, personal representative of the estate of Shanelle Eastling, deceased, Petitioner,**

v.

**SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.**

**No. 91–1567V.**

United States Court of Federal Claims.

Feb. 7, 1995.

Joseph C. Smith, Detroit, MI, for petitioner.

Richard A. Schollmann, with whom were Asst. Atty. Gen. Frank W. Hunger, Helene M. Goldberg, Director, and Gerard W. Fischer, Asst. Director, Washington, DC, for respondent.

## OPINION

ANDEWELT, Judge.

### I.

In this action, petitioner, Donnella Raspberry, seeks compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa–1 to –34 (the Vaccine Act), for the death of her daughter, Shanelle Eastling. Petitioner alleges that Shanelle's death was caused by a DPT (diphtheria, pertussis, and tetanus) vaccination administered on August 20, 1990. On February 3, 1994, the special master issued a decision denying

petitioner compensation. Pursuant to 42 U.S.C. 300aa–12(e)(1), petitioner filed a motion in this court for review of the special master's decision, but that motion did not reach the clerk of this court until one day beyond the 30–day statutory time period. In a June 2, 1994, order, this court dismissed petitioner's motion for review as untimely. This action is presently before the court on petitioner's motion for reconsideration.

In support of her motion for reconsideration, petitioner submits an affidavit and receipts which demonstrate that on Saturday, March 5, 1994, two days (one business day) before the expiration of the statutory time period, petitioner sent her motion for review, correctly addressed, to the clerk of this court via Airborne Express, an established private carrier, which guaranteed overnight delivery. The carrier failed, however, to deliver petitioner's motion to the clerk of this court, as guaranteed, on Monday, March 7, 1994, and instead delivered it one day later, on March 8. Petitioner asks this court to toll the statute of limitations and allow petitioner to file her motion for review one day beyond the 30–day statutory time period.

### II.

The Vaccine Act establishes procedures, including time limits for filing petitions and motions for review, that petitioners must follow in order to secure compensation thereunder. As to motions for review, the Vaccine Act provides, in pertinent part:

(1) Upon issuance of the special master's decision, the parties shall have 30 days to file with the clerk of the United States Court of Federal Claims a motion to have the court review the decision....

(2) Upon the filing of a motion under paragraph (1) ..., the United States Court of Federal Claims shall have jurisdiction to undertake a review of the record of the proceedings....

42 U.S.C. § 300aa–12(e).[1]

The 30–day period for the filing of motions for review is jurisdictional, and hence, if a

---

**1.** The Vaccine Rules of the Court of Federal Claims parallel the requirements of Section 12(e), as follows:

**23. Motion for Review and Objections.**
To obtain review of a special master's decision, within 30 days after the date on which

petitioner does not satisfy the requirements of Section 12(e)(1), this court lacks jurisdiction to hear the petitioner's motion for review. *Widdoss v. Secretary, HHS*, 989 F.2d 1170, 1177 (Fed.Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 381, 126 L.Ed.2d 331 (1993). But to say that a petitioner must satisfy the jurisdictional prerequisites of Section 12(e)(1) is not to say that this court necessarily lacks jurisdiction to consider a motion for review that is filed one day late. In *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95–96, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990), the Supreme Court concluded that there is a presumption that equitable tolling is available in suits against the federal government. ("[T]he same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States.") The Court reasoned that a presumption in favor of the availability of equitable tolling is "likely to be a realistic assessment of legislative intent as well as a practically useful principle of interpretation." *Id.* at 95, 111 S.Ct. at 457.

Consistent with this focus on legislative intent, courts have concluded that a presumption favoring equitable tolling is rebutted when the language of a particular statute indicates that Congress intended the limitation period therein to be absolute and not subject to tolling. For example, in *Lampf v. Gilbertson*, 501 U.S. 350, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991), the Supreme Court held that courts cannot toll the statute of limitations applicable to the commencement of suits under the Securities Exchange Act of 1934. Section 9(e) of that act provides that a plaintiff must commence litigation "within one year after the discovery of the facts constituting the violation and within three years after such violation." 15 U.S.C. § 78i(e). The Court reasoned that "[t]he 1-year period, by its terms, begins after discovery of the facts constituting the violation, making tolling unnecessary. The 3–year limit is a period of repose inconsistent with tolling." *Id.* at 363, 111 S.Ct. at 2782. Under such circumstances, the Court concluded that equitable tolling is "fundamentally in-

consistent" with the structure of the statute of limitations provided in the Securities Exchange Act of 1934. *Id.*

Likewise, in *Smith v. Secretary, HHS*, 26 Cl.Ct. 116, 119 (1992), the Court of Federal Claims held that tolling the 28–month statute of limitations for commencing suits under the Vaccine Act would be inconsistent with congressional intent. The *Smith* court affirmed the special master's conclusion that when Congress extended the statute of limitations from 24 to 28 months, Congress intended to establish an outer limit on the amount of time allowed for initiating a claim under the Vaccine Act. *Id.* at 119 & n. 4.

Pursuant to *Irwin, Lampf*, and *Smith*, this court must first determine whether Congress has expressed an intent that the doctrine of equitable tolling should not apply to the 30–day time limit set forth in Section 12(e)(1) of the Vaccine Act. If the court concludes that equitable tolling is available, the court must then determine whether petitioner has presented sufficient evidence to warrant the tolling of the 30–day statutory period for one day.

### III.

#### A.

■ Unlike the findings in *Lampf* and *Smith*, this court cannot discern from Section 12(e)(1) any legislative intent to preclude equitable tolling. The first obvious difference between the statute of limitations in Section 12(e)(1) and those in *Lampf* and *Smith* is the length of the limitation periods. Section 12(e)(1) allows only 30 days for the filing of a motion for review, a significantly shorter amount of time than the one- and three-year periods in *Lampf* and the 28–month period in *Smith*. In *Lampf*, 501 U.S. at 363, 111 S.Ct. at 2782, the Supreme Court described the comparatively lengthy statutory periods as permitting "repose" and "making tolling unnecessary." This court cannot arrive at a similar conclusion with respect to the far shorter 30–day period in Section 12(e)(1).

the decision is filed, a party must file with the clerk a motion for review of the decision. No extensions of time under this rule will be permitted, and the failure of a party to timely file such a motion shall constitute a waiver of the right to obtain review.

Indeed, Section 12(e)(1) requires a petitioner to make critical decisions and perform a series of time-consuming tasks within the 30–day period. A petitioner first must study the special master's decision and then decide whether to seek review. If after reviewing the special master's decision the petitioner decides to seek review in this court, the petitioner cannot simply file a notice of appeal within the 30–day period. Instead, the petitioner must file a motion for review accompanied by a memorandum that articulates, with appropriate detail and citation, each material legal and factual error allegedly made in the special master's decision.[2] After drafting its motion for review, the petitioner must then deliver the motion to the clerk of this court.[3] Local counsel generally have the option of hand-delivering their motions to the clerk's office on the last day of the 30–day period. Counsel located outside the Washington, D.C., area, however, typically must rely upon the U.S. Mail or some other long-distance delivery service and, as a result, must complete their motions sufficiently in advance of the end of the 30–day period to allow for timely delivery.

Because Section 12(e)(1) requires a petitioner to complete these significant and time-consuming tasks within 30 days, this court cannot conclude that the statutory time limit permits "repose." *Id.* Moreover, given the inherent uncertainties of relying upon the U.S. Mail or some other long-distance delivery service, this court cannot conclude that the tolling of Section 12(e)(1) is "unnecessary" under all circumstances. *Id.*

A second distinction from *Lampf* and *Smith* also is worthy of note. The instant statute of limitations establishes a time limit for seeking review of a decision while the statutes in *Lampf* and *Smith* pertain to the initial filing of an action. Factors that support strict application of the statute of limitations for the initial filing of a case may not apply with equal force to the filing of a motion seeking review of a trial-level decision. For example, actions filed beyond the time period set forth in a statute of limitations can prejudice a defendant because evidence often becomes stale with the passage of time. *Burnett v. New York Central R.R. Co.*, 380 U.S. 424, 428, 85 S.Ct. 1050, 1054, 13 L.Ed.2d 941 (1965). But the same concern does not arise with a motion for review of a trial-level decision because in such a case the evidence has already been presented and the record has been closed.

### B.

The legislative history of the vaccine statute supports the conclusion that the presumptively available doctrine of equitable tolling should apply here. The legislative history exhibits a congressional intent that special masters and the Court of Federal Claims resolve Vaccine Act petitions expeditiously. *See Widdoss,* 989 F.2d at 1172.[4] This focus on expedited resolution, however, apparently was intended to benefit petitioners rather than to limit their rights. The Vaccine Act restricts petitioners in certain circumstances from instituting private suits against vaccine manufacturers or administrators unless the petitioners first file a petition under the Vaccine Act and secure a judgment on that petition from this court.[5] Con-

---

**2.** Vaccine Rule 24 provides:

**24. Memorandum of Objections.**

The motion for review must be accompanied by a memorandum of numbered objections to the decision. This memorandum must fully and specifically state and support each objection to the decision. The memorandum shall cite specifically to the record created by the special master, *e.g.*, to specific page numbers of the transcript, exhibits, etc., and should also fully set forth any legal argument the party desires to present to the reviewing judge....

**3.** Vaccine Rule 17(a) provides, in pertinent part:

**Filing with the Clerk Defined.** All pleadings and other papers required to be filed with the clerk by the Vaccine Rules or by order of the special master shall be forwarded to the clerk of the court at the address noted in Vaccine Rule 2. A document is filed ... when actually received and marked filed by the clerk, not when mailed.

**4.** The wording of Section 12(e)(3) demonstrates Congress' concern for rapid resolution of actions under the Vaccine Act ("the clerk ... shall *immediately* enter judgment" if no motion for review is filed within 30 days of the special master's decision (emphasis added)).

**5.** Before filing a civil action seeking damages in excess of $1,000, a petitioner must wait until final judgment of the Court of Federal Claims unless the "special master fails to make a deci-

gress' focus on expedited resolution of Vaccine Act petitions therefore benefits petitioners because the quicker their petitions are resolved, the quicker the petitioners can proceed with any still-viable, third-party actions. 42 U.S.C. § 300aa–21(a) and (c). Congress' intent to so benefit petitioners by providing for expedited proceedings is apparent from the following statement in the pertinent House Report: "[M]uch of the equity in limiting compensation and limiting other remedies arises from the speed and reliability with which the petitioner can expect judgment; without such quick and certain conclusion of proceedings, the compensation system would work an injustice upon the petitioner." H.R.Rep. No. 908, 99th Cong., 2d Sess., pt. 1 at 17 (1986), *reprinted in* 1986 U.S.C.C.A.N. 6287, 6344, 6358. Herein, respondent does not point to any statement in the legislative history that suggests that Congress intended its focus on expedited proceedings to achieve any end other than to benefit petitioners. Hence, it is not appropriate for the court to conclude that Congress intended to limit petitioners' rights by negating the presumptive availability of equitable tolling.

### C.

Respondent contends that in *Widdoss,* the Court of Appeals for the Federal Circuit determined that equitable tolling is not available to extend the 30–day period in Section 12(e)(1). A close reading of *Widdoss,* however, demonstrates that the Federal Circuit made no such determination. Like the instant case, *Widdoss* involved a motion for review delivered to the clerk of this court one day beyond the 30–day statutory time period. But because the majority opinion neither raised nor addressed equitable tolling or the Supreme Court's holding in *Irwin,* it appears that the petitioner in *Widdoss* did not contend that the facts leading to the untimely

filing constituted grounds for equitable tolling. Indeed, the majority opinion viewed the issue before it as whether the court had the authority to *waive* rather than *toll* the 30–day period in Section 12(e)(1). *Widdoss,* 989 F.2d at 1172 (defining the issue before it as "whether the 30–day period ... is jurisdictional; and ... whether the [Court of Federal Claims] has the authority to waive compliance with the 30–day period through use of its rules of procedure"). The Federal Circuit concluded that the 30–day period is jurisdictional and, thus, that this court lacks the authority to waive a jurisdictional prerequisite.[6]

There is a crucial distinction between a court waiving a jurisdictional time limitation, an act *Widdoss* explains Congress forbids, and a court applying the doctrine of equitable tolling, an act *Irwin* explains Congress presumptively allows. The Court of Appeals for the Federal Circuit explained this crucial distinction in its post-*Widdoss* decision in *Bath Iron Works Corp. v. United States,* 20 F.3d 1567, 1572 n. 2 (Fed.Cir.1994), as follows:

> The language in *Irwin* that the time limit may be tollable can be reconciled with the ... holding[ ] that these statutes of limitations are jurisdictional. Tolling is not the same as waiving. Presumably, therefore, *Irwin* merely holds that those time limits, while jurisdictional, can be equitably tolled in certain circumstances.

Because *Widdoss* addressed waiving rather than tolling the 30–day statutory time period in Section 12(e)(1), *Widdoss* does not control here.

Based upon the wording and legislative history of Section 12(e)(1) and the applicable case law, including *Irwin,* this court concludes that the 30–day statutory time period for filing motions for review under the Vac-

sion on such petition within the 240 days prescribed by" the Vaccine Act or the Court of Federal Claims "fails to enter a judgment ... within 420 days" at which time petitioner may file a notice with this court withdrawing the petition. 42 U.S.C. §§ 300aa–11(a)(2)(A) and 300aa–21(b)(1) and (2).

**6.** The dissent in *Widdoss* did not read the majority opinion as necessarily reaching the issue of

tolling and expressed the following view: "I concur in the panel's analysis, insofar as it relates to the [Court of Federal Claims'] application ... of its procedural Rule 60(b).... However, to the extent that the panel majority holds the thirty-day limit is not subject to ... toll[ing] ... I respectfully must dissent." *Id.* at 1178 (footnote omitted).

cine Act is subject to equitable tolling. Next, the court will consider whether the facts in the instant case warrant equitable tolling of the 30–day period for one day.

## IV.

A determination as to whether facts support equitable tolling must be made on a case-by-case basis. *Scholar v. Pacific Bell,* 963 F.2d 264 (9th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 196, 121 L.Ed.2d 139 (1992). In making such a determination, courts have invoked equitable tolling sparingly to protect statutory deadlines from becoming blurred and unreliable. As the Supreme Court explained in *Irwin,* "the principles of equitable tolling ... do not extend to ... a garden variety claim of excusable neglect," and "[courts] have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." *Irwin,* 498 U.S. at 96, 111 S.Ct. at 458 (citing *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 151, 104 S.Ct. 1723, 1725, 80 L.Ed.2d 196 (1984)).

█ In the instant case, petitioner exercised due diligence in preserving her legal rights. Petitioner acted diligently when she evaluated the special master's decision, determined to seek review, and drafted a comprehensive motion all within 28 days after the special master's decision (two days prior to expiration of the 30–day statutory time period). Additionally, petitioner made a diligent effort to secure timely delivery of her motion by choosing an established carrier that guaranteed overnight delivery. Petitioner's reliance on such a carrier was reasonable because petitioner could expect that an established carrier would fulfill its delivery guarantees. Moreover, it would not seem appropriate to characterize the instant facts as involving a "garden variety claim of excusable neglect." *Id.* Petitioner, in a sense, was not neglectful because, as explained above, she diligently took the steps that reasonably could be expected to result in a timely filing.

Perhaps the strongest reason to allow equitable tolling in the instant case relates to the nature of the Vaccine Act. In the Vaccine Act, Congress created a route for securing compensation for vaccine-related injuries or death that previously did not exist. Congress sought to create a new system that would compensate "vaccine-injured persons quickly, easily, and with certainty and generosity." H.R.Rep. No. 908, 99th Cong., 2d Sess., pt. 1 at 3 (1986), *reprinted in* 1986 U.S.C.C.A.N. 6344. It would seem inconsistent with the creation of this new and generous compensation system for a court to bar a possibly meritorious petition, which the petitioner took reasonable steps to deliver on time, simply because an established overnight carrier failed to live up to its guarantee and delivered the motion one day late.[7] Refusing to equitably toll the time limitation herein also could have the undesired effect of placing counsel located outside the Washington, D.C., area at a significant disadvantage vis-a-vis local counsel when handling Vaccine Act petitions. As explained above, unlike local counsel, counsel located outside the Washington, D.C., area necessarily must rely, in one way or another, on long-distance transportation to secure timely delivery of motions to the clerk of this court.[8] Guaranteed overnight delivery by an established

---

7. A suit against the overnight carrier apparently would not make petitioner whole because carriers typically employ boilerplate provisions to limit their liability for late delivery. *See, e.g., Wagman v. Federal Express Corp.,* 844 F.Supp. 247 (D.Md.1994); *Husman Constr. Co. v. Purolator Courier Corp.,* 832 F.2d 459 (8th Cir.1987) (enforcing a $100 limit on damages due to late delivery of guaranteed parcels).

8. Rule 3 of the Rules of the Court of Federal Claims covers the commencement of actions in this court and addresses delays in mail delivery. This rule authorizes the clerk of the court, under specified circumstances, to file a complaint that arrives at the clerk's office after the last date allowed by a statute of limitations. Rule 3, however, applies only to complaints sent by registered or certified mail and not overnight carriers. Furthermore, it does not apply to Vaccine Act cases. (*See* Vaccine Rule 1 "The [Rules of the Court of Federal Claims] apply only to the extent referenced.") The Vaccine Rules do not specifically address the issue of third-party delays in delivering filings to this court. The Vaccine Rules, however, do not suggest that this court should apply a different standard when deciding whether to apply equitable tolling.

carrier is generally a cost-effective and highly reliable method of securing such timely delivery. If a petitioner's reliance upon such a method of delivery places his or her cause of action at risk, then counsel located outside the Washington, D.C., area may be forced either to chose a different and significantly more costly method of delivery or to allocate even less time to the preparation of the motion for review. Given the brevity of the 30-day period, providing even less time for the preparation of a motion for review could increase the petitioner's costs and possibly have a negative effect on the quality of the motion.

### Conclusion

For the reasons set forth above, the particular facts of this case dictate in favor of tolling the 30-day statutory period for one day. Accordingly, petitioner's motion for reconsideration is granted and this court's June 2, 1994, order, is vacated. In its response to petitioner's motion for review, respondent focused primarily on the issue of timeliness and addressed the merits of petitioner's motion only briefly. Thus, the court will allow respondent until March 6, 1995, to file any supplemental comments on the merits.

IT IS SO ORDERED.