Sheri A. TAYLOR, as Mother, Guardian and Next Friend of Kristin Michelle Coffman, a Minor, Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent.

No. 90–1036V.

United States Court of Federal Claims.

Sept. 18, 1995.

James M. Hanny, Washington, D.C., for petitioner.

Caroline Gosse Elmendorf, with whom were Assistant Attorney General Frank W. Hunger, Helene M. Goldberg, Director, and John Lodge Euler, Deputy Director, Washington, D.C., for respondent.

## OPINION

ROBINSON, Judge.

This matter is before the court on petitioner's motion to vacate the judgment entered on April 27, 1995, by the Clerk of the Court of Federal Claims in accordance with the special master's Dismissal Order.

### Background

Sheri A. Taylor, the petitioner, on behalf of her minor daughter, Kristin Michelle Coffman, requests compensation under the National Vaccine Injury Program,[1] 42 U.S.C., § 300aa–10 et seq. (1988 & Supp. IV 1992), (Vaccine Act), for injuries and disabilities sustained as a result of a diphtheria-pertussis-tetanus (DPT) vaccine administered on January 24, 1983. Petitioner claims that after receiving the vaccine her daughter suffered a residual seizure disorder and encephalopathy from which she continues to suffer on a permanent basis.

Petitioner filed her petition for compensation on September 18, 1990. The petition was forwarded to a special master of the Court of Federal Claims to decide whether compensation should be provided under the Vaccine Act and to determine the amount of such compensation. The special master dismissed the petition on March 27, 1995, on the grounds that the claim was jurisdictionally barred by § 11(a)(6) of the Vaccine Act because Ms. Taylor had elected to file suit in another court for Kristin's alleged vaccine-related injuries. Under § 11(a)(6), "if a person brings a civil action after November 15, 1988 for damages for a vaccine-related injury or death associated with the administration

1. 42 U.S.C. §§ 300aa–1 to –34 (1988), as amended (codified as amended at 42 U.S.C.A. § 300aa–1 to –34 (West Supp.1994). For sake of convenience, codified sections of the Vaccine Act are cited herein without reference to "42 U.S.C. § 300aa."

of a vaccine before November 15, 1988, such person may not file a petition under subsection (b) of this section for such injury or death."

Pursuant to the Vaccine Rules in Appendix J of the Rules of the Court of Federal Claims (RCFC),[2] the Clerk entered judgment on April 27, 1995, in accordance with the special master's decision since no motion for review had been filed by the petitioner within the thirty-day statutory filing period. § 300aa–12(e).[3]

On April 28, 1995, the petitioner filed an untimely motion for review which was denied by the Clerk because judgment had already been entered. On May 2, 1995, petitioner filed a motion to vacate the judgment entered on April 27, 1995, under RCFC 60(b)(1) and (6), on the grounds that her motion for review was untimely due to an inadvertent and mistaken interpretation of the Vaccine Rules by her counsel. Under Rule 60, the court may:

> On motion and upon such terms as are just ... relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... (6) any other reason justifying relief from the operation of the judgment.

Petitioner asks the court to exercise its power under RCFC 60(b)(1) and (6) to vacate the judgment and grant her leave to file a motion for review of the Dismissal Order. According to petitioner, her counsel erroneously believed he had thirty days to file a motion for review pursuant to § 12(e)(1)[4] of the Vaccine Act as well as an additional three days pursuant to Vaccine Rule 19(c)[5] be-cause service of the Dismissal Order was made by mail. Therefore, petitioner claims, it would be inequitable to let the judgment stand since she intended to file a motion for review but due to counsel's mistake the motion arrived one day late.

In response, respondent argues that the court may not grant petitioner's request to vacate the judgment because RCFC 60(b) cannot be used by the petitioner as a means to challenge the substance of the special master's decision. *Patton v. Secretary of HHS*, 25 F.3d 1021, 1029 (Fed.Cir.1994). Furthermore, respondent contends that petitioner's motion to vacate must be denied for lack of jurisdiction. *Widdoss v. Secretary of HHS*, 989 F.2d 1170, 1177 (Fed.Cir.1993).

Petitioner contends, in the alternative, that the time period for filing her motion for review should be tolled in the interest of justice. Petitioner states that equitable tolling of a statutory period of limitation is available in suits against the United States and cites *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

Respondent contends that the facts of this case, consisting of no more than counsel's misinterpretation of the court's rules, are inadequate to warrant application of the doctrine of equitable tolling.

### DISCUSSION

In § 12(e) of the Vaccine Act, Congress explicitly specifies that this court's jurisdiction is conditioned on the parties filing a motion for review within thirty days after the issuance of a decision by the special master. It is well established that if no motion for

---

2. Vaccine Rule 11 provides:
 (A) In absence of Motion for Review. In the absence of the filing of a motion for review within 30 days of the filing of the special master's decision, ... the clerk shall forthwith enter judgment in accordance with the special master's decision. Vaccine Rules, Appendix J, Title III.

3. Section 12(e)(1) provides:
 Upon issuance of the special master's decision, the parties shall have 30 days to file with the clerk of the United States Claims Court a motion to have the court review the decision.

4. *See* note 3, *supra*.

5. Vaccine Rule 19(c) "Additional Time After Service by Mail" provides:
 Whenever a party has the right or is required to do some act within a prescribed period after the service of a paper, and the service is made by mail, 3 calendar days shall be added to the prescribed period, unless the special master orders otherwise.

review is filed within thirty days of the special master's decision, then this court does not have jurisdiction and the Clerk must enter judgment in accordance with the special master's decision. *Patton,* 25 F.3d at 1028–29; *Widdoss,* 989 F.2d at 1177; *Grimes v. Secretary of HHS,* 988 F.2d 1196, 1198 (Fed.Cir.1993); *Garcia v. Secretary of HHS,* 31 Fed.Cl. 276, 278–79 (1994).

 In this case, petitioner would like to invoke Rule 60(b)(1) and (6) in order to be excused for her counsel's mistake in not filing a timely motion for review. This cannot be done. The Federal Circuit considered this same question in *Widdoss.* In that case, the petitioner likewise filed her motion for review one day late (thirty-one days after issuance of the special master's decision) and asked the court to invoke RCFC 60(b) to justify consideration of her motion for review. The Federal Circuit, however, soundly rejected the petitioner's request stating that RCFC 60(b) cannot be used to escape a jurisdictional limitation. *Widdoss,* 989 F.2d at 1177. According to the court, RCFC 60(b) "cannot be employed to toll, extend, or waive the time period in which to appeal." *Id.* at 1178.

More recently, the Federal Circuit again looked at the extent to which RCFC 60(b) could be used to grant a party in a vaccine case relief from judgment. *Patton,* 25 F.3d at 1029. In that case, the court made it clear that RCFC 60(b) could be invoked when the petitioner "requests correction of an error of the court" and *not* when the petitioner seeks review of the merits of the special master's decision. *Id.* In the present case, petitioner does not seek relief from an error of the court but rather from her own error and, more importantly, seeks review of the merits of the special master's decision. Thus, Rule 60(b) is not applicable in this instance.

Petitioner also contends that the statutory time period for filing a motion for review should be tolled to allow her to file her motion one day beyond the thirty-day statutory time period. Recently, this court stated that this thirty-day period is subject to the doctrine of equitable tolling and has applied it in situations where a vaccine petitioner used due diligence in attempting to file a timely motion for review but due to a factor outside of petitioner's control delivery of the motion was delayed and the filing deadline was missed. *See Raspberry v. Secretary of HHS,* 32 Fed.Cl. 777 (1995); *Bee Her v. Secretary of HHS,* 33 Fed.Cl. 542 (1995).

In *Raspberry,* the court found that petitioner used due diligence in hiring a reliable delivery service to transport a motion for review to the Clerk's office; however, the established carrier failed to deliver the motion on time as guaranteed. *Raspberry,* 32 Fed.Cl. at 782. The court applied the doctrine of equitable tolling and allowed the petitioner to file her motion one day beyond the thirty-day statutory time period when it found petitioner had used due diligence. *Raspberry,* 32 Fed.Cl. at 778. *But see Bee Her,* 33 Fed.Cl. at 545 (holding that the doctrine of equitable tolling did not apply when petitioner's counsel failed to exercise an appropriate level of concern regarding the impending statutory deadline, when he signed the motion for review, knew of the impending deadline, yet waited a day to inquire about delivery service).

 In the present case, the issue is whether counsel's mistaken interpretation of Vaccine Rule 19(c) and how it relates to § 12(e) of the Vaccine Act merits equitable tolling. In *Raspberry,* the court articulated the following standard for applying equitable tolling:

> A determination as to whether facts support equitable tolling must be made on a case-by-case basis. *Scholar v. Pacific Bell,* 963 F.2d 264 (9th Cir.), *cert. denied,* 506 U.S. 868, 113 S.Ct. 196, 121 L.Ed.2d 139 (1992). In making such a determination, courts have invoked equitable tolling sparingly to protect statutory deadlines from becoming blurred and unreliable. As the Supreme Court explained in *Irwin* [*v. Dep't of Veterans Affairs,* 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) ] "the principles of equitable tolling ... do not extend to ... a garden variety claim of excusable neglect," and "[courts] have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his

legal rights." *Irwin*, 498 U.S. at 96, 111 S.Ct. at 458 (citing *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 1725, 80 L.Ed.2d 196 (1984)); *Raspberry*, 32 Fed.Cl. at 782.

In the instant case, the court finds that petitioner's counsel's erroneous belief that he had three additional days pursuant to Rule 19(c) in which to file the motion for review because the special master mailed the Dismissal Order to petitioner was a careless mistake. Section 12(e) explicitly states that the thirty-day filing period, in which the petitioner has to file a motion for review, starts to run upon *issuance* of the special master's decision. This means that within thirty days after the date on which the special master's decision is *filed*, a party must file with the Clerk a motion for review.

Vaccine Rule 19(c), on the other hand, pertains to serving papers and not to extending statutory deadlines for filing appeals. Under Rule 19(c), a party may have an additional three days to act after receiving *service* of a paper by mail from an opposing party, if the recipient is required to act within a prescribed period after service.

■ The difference between a legal document being filed and served is fundamental. "Filed" connotes the delivery of a legal document to the clerk of the court with the intent that it be filed with the court. *Black's Law Dictionary* 628 (6th ed. 1990). "Service" refers to the delivery of legal documents to a party-petitioner or respondent. *Black's Law Dictionary* 1368 (6th ed. 1990). The special master does not *serve* his decision on the parties, but rather *files* it in the court.

■ This type of erroneous interpretation of the rules does not merit tolling the thirty-day statutory time period for filing a motion for review. *See Gilbert v. Secretary of HHS*, 51 F.3d 254, 257 (Fed.Cir.1995) (holding that petitioner did not establish a case for equitable tolling when his sole justification for filing an untimely motion for review was a mistake made by his lawyer, who incorrectly interpreted the Vaccine Rules). The court must apply the doctrine of equitable tolling sparingly so as not to blur and make unreliable statutory deadlines. *Irwin*, 498 U.S. at

95–96, 111 S.Ct. at 457–58. Relief has been allowed in cases where a claimant files an otherwise timely pleading in the wrong court or is actively tricked or induced to miss the deadline. *Id.* There is no showing in the present case that petitioner either misfiled a pleading or was mislead as to the proper deadline. Rather, petitioner's counsel merely failed to understand properly the governing rules. The doctrine is unavailable in cases which amount to "what is at best a garden variety of excusable neglect." *Id.*

### CONCLUSION

The special master's Dismissal Order is affirmed. The Clerk shall enter judgment for the respondent. No costs.