Jerry L. WEDDEL, and wife, Lea Ann Weddel, on behalf of their minor daughter, Cassie Ann Weddel, Petitioners,

v.

SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.

No. 94–0524V.

United States Court of Federal Claims.

Nov. 28, 1995.

Thomas S. Brandon, Jr., Fort Worth, TX, for petitioners.

Richard Schollman, U.S. Dept. of Justice, Washington, DC, for respondent.

### ORDER

MARGOLIS, Judge.

This case is before the court on petitioners' motion to review the special master's decision to dismiss petitioners' claim for compensation under the National Vaccine Injury Compensation Program (the Vaccine Act). The special master found that the claim was not filed within the deadline set forth in 42 U.S.C. § 300aa–16(a)(1) ("section 16(a)(1)").

After carefully reviewing the record and after hearing oral argument, the court finds that the special master did not err in finding that section 16(a)(1) is a statute of repose not subject to equitable tolling. Therefore, petitioners did not file their claim within the time limit specified within this section.

### FACTS

Petitioners, Jerry L. Weddel and Lea Ann Weddel, claim that their daughter, Cassie Ann Weddel, suffered injury due to the DPT (Diphtheria, Pertussis and Tetanus) vaccine she received on August 4, 1986. Petitioners filed a claim against the United States Secretary of Health and Human Services on September 12, 1990 in the Court of Federal Claims seeking compensation for this injury under the Vaccine Act. This petition was dismissed pursuant to 42 U.S.C. § 300aa–11(a)(5)(B) [1] because at the time of filing, petitioners had a civil suit pending in a Texas state court. *Weddel v. Secretary of DHHS,* 1993 WL 42852, No. 90–0947V (Fed.Cl.Spec. Mstr. Jan. 13, 1993), *aff'd,* 23 F.3d 388 (Fed. Cir.1994). On their motion, petitioners' state court suit was dismissed without prejudice seven days after they filed their September 12, 1990 petition in the Court of Federal Claims.

Petitioners filed their claim again in this court on August 11, 1994. In her decision of June 29, 1995, Special Master Elizabeth E. Wright granted respondent's motion to dismiss the Weddels' August 11, 1994 petition

---

1. Section 300aa–11(a)(5)(B) provides in pertinent part that "[i]f a plaintiff has pending a civil action for damages for a vaccine-related injury or death, such person may not file a petition under subsection (b) for such injury or death."

on the ground that they failed to file it by the deadline provided for in section 16(a)(1) of the Vaccine Act. *Weddel v. Secretary of DHHS,* 1995 WL 413925 (Fed.Cl.Spec.Mstr. June 29, 1995).

Petitioners argued that their claim should not be dismissed for untimeliness because the statute was equitably tolled when they filed their first petition. Respondent asserted that the doctrine of equitable tolling was not applicable because section 16(a)(1) is a statute of repose, which was intended to provide a strict cut-off date. Furthermore, respondent contended that even if section 16(a)(1) were subject to equitable tolling, petitioners' own neglect would preclude them from taking advantage of this doctrine.

The special master agreed with respondent that section 16(a)(1) is not subject to equitable tolling and concluded that even if equitable tolling were applicable, petitioners could not take advantage of it because they failed to use due diligence in prosecuting their claim.

## DISCUSSION

The United States Court of Federal Claims may only set aside a finding of fact or a conclusion of law of a special master that is "found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law ..." 42 U.S.C. § 300aa–12(e)(2)(B).

■ Questions of law are reviewed de novo under the "not in accordance with law" standard. *McGowan v. Secretary of DHHS,* 31 Fed.Cl. 734, 737 (1994) (holding that "[i]n reviewing legal questions, the standard test is whether the ruling is 'not in accordance with law,' and a de novo analysis is undertaken."); *see also Munn v. Secretary of DHHS,* 970 F.2d 863, 870 (Fed.Cir.1992) (holding that the court would review legal issues de novo after concluding that the "Claims Court's judgment is entitled to at least the same deference by us as that accorded the special master by the Claims Court."); *Massard v. Secretary of DHHS,* 25 Cl.Ct. 421, 423 (1992) (explaining that the "not in accordance with law" standard is based on the Administrative Procedure Act standards under which legal questions are reviewed de novo).

■ Interpretation of section 16(a)(1) is a question of law, which will be reviewed de novo. Section 16(a)(1) provides in pertinent part that for "a vaccine set forth in the Vaccine Injury Table which is administered before the effective date of this subpart [October 1, 1988], if a vaccine-related injury or death occurred as a result of the administration of such vaccine, no petition may be filed for compensation under the Program for such injury or death after the expiration of 28 months [February 1, 1991] after the effective date of this subpart." The vaccine at issue here was administered before October 1, 1988. Petitioners' August 11, 1994 claim was filed after the February 1, 1991 deadline provided in section 16(a)(1) for claims for pre-Act injuries.

■ The Court of Federal Claims has previously held that section 16(a)(1) is a statute of repose which is not subject to the doctrine of equitable tolling. *Smith v. Secretary of DHHS,* 26 Cl.Ct. 116, 119, *aff'd without op.,* 983 F.2d 1088 (Fed.Cir.1992); *see also Massard v. Secretary of DHHS,* 25 Cl.Ct. at 425 (holding that the four month extension of the original 24–month limitations period provided for in section 16(a)(1) was a statute of repose to which equitable tolling was not applicable).

In *Smith,* the court upheld the special master's finding that "Congress intended the twenty-eight month limitations period to serve as a cut off for filing; therefore equitable tolling does not apply." 26 Cl.Ct. at 119. (*See also* the special master's discussion of the legislative history of section 16(a)(1). 26 Cl.Ct. at 119 n. 4). This court agrees with that reasoning. Section 16(a)(1) is a statute of repose not subject to equitable tolling.

This court also upholds the special master's finding that even if the doctrine of equitable tolling were applicable, petitioners failed to use due diligence in filing their claim for compensation.

## CONCLUSION

Because this court finds that 42 U.S.C. § 300aa–16(a)(1) is a statute of repose not subject to the doctrine of equitable tolling,

the special master's dismissal of the petition, based on her well-written opinion, is affirmed. The clerk shall enter judgment in accordance with the special master's decision. No costs.