91 F.3d 172
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Sheri A. TAYLOR, as Mother, Guardian and Next Friend of
Kristin Michelle Coffman, a Minor, Petitioner-Appellant,
v.
SECRETARY of the DEPARTMENT OF HEALTH AND HUMAN SERVICES,
Respondent-Appellee.
 No. 96-5031.
 United States Court of Appeals, Federal Circuit.
 June 28, 1996.
 
 Before RADER, Circuit Judge, COWEN, Senior Circuit Judge, and SCHALL, Circuit Judge.
 
 
 1
 PER CURIAM,
 
 
 2
 This is a National Vaccine Injury Program (Vaccine Act) appeal. 42 U.S.C. § 300aa-10 et seq. (1994). Appellant, Sheri Taylor, on behalf of her minor daughter Kristin Coffman, seeks review of the Court of Federal Claim's decision dismissing her motion for review of the special master's decision for lack of jurisdiction because the motion was filed with the Court of Federal Claims (CFC) one day late. Taylor v. Secretary of HHS, 34 Fed. Cl. 137 (1995). We affirm the CFC.
 
 I.
 
 3
 Ms. Taylor filed her petition for compensation under the Vaccine Act on September 18, 1990. A special master for the CFC dismissed the petition on March 27, 1995, reasoning that the petition was barred because Ms. Taylor had filed a claim for the vaccine-related injures in another court. The clerk of the CFC entered judgment on April 27, 1995, because no motion for review of the special master's decision had been filed within thirty days of the issuance of the decision. See 42 U.S.C. § 300aa-12(e). Ms. Taylor filed a motion for review of the special master's decision with the CFC on April 28, 1995. The CFC held that it had no jurisdiction to consider Ms. Taylor's motion because it was untimely filed.
 
 
 4
 Appellant states that her attorney mistakenly thought Vaccine Rule 19(c) provided three extra days to file her motion for review because the special master sent his dismissal order by mail. Vaccine Rule 19(c) grants a party an extra three days to act in response to a "service of a paper" when the service is made by mail. On appeal, Ms. Taylor does not contend that Vaccine Rule 19(c) applies in her case.
 
 II.
 
 5
 Section 12(e) of the Vaccine Act provides that "[u]pon issuance of a special master's decision, the parties shall have 30 days to file [a motion for review with the CFC]." This thirty day deadline is jurisdictional. Widdoss v. Secretary of HHS, 989 F.2d 1170, 1177 (Fed.Cir.1993), cert. denied, 114 S.Ct. 381 (1993).
 
 
 6
 Widdoss is directly on point. In that case as in this one, the motion to review the special master's decision was filed with the Claims Court one day late. Ms. Taylor recognizes that her position is contrary to Widdoss but argues that the CFC should have applied the doctrine of equitable tolling. The Supreme Court has indicated that equitable tolling may be used to extend a jurisdictional deadline in exceptional cases, such as where (1) a party actively pursued its judicial remedies but filed a defective pleading or (2) a party was tricked by his adversary. Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990). However, equitable tolling is unavailable in the face of a "garden variety claim of excusable neglect." 498 U.S. at 96.
 
 
 7
 The CFC has applied equitable tolling where an overnight delivery service failed to deliver the petition to the CFC on time as promised. Raspberry v. Secretary of HHS, 32 Fed. Cl. 777, 783 (1995). Raspberry reasoned that the overnight delivery service was normally highly reliable and that the petitioner had acted with due diligence. 32 Fed. Cl. at 782. Here, in contrast to Raspberry, appellant has not demonstrated that the late filing was caused by unforseen circumstances beyond her control. Appellant simply misread the rules. Thus, this case is an example of "garden variety excusable neglect," and therefore the unusual remedy of equitable tolling is unavailable. See Gilbert v. Secretary of HHS, 51 F.3d 254, 257 (Fed.Cir.1995) (assuming equitable tolling is available, holding that the doctrine cannot apply where attorney misread § 21(a) of the Vaccine Act).
 
 
 8
 For the reasons discussed above, the decision of the CFC is AFFIRMED.