**James LOMBARDO, as Legal Representative of Thomas "Zach" Lombardo, a Minor, Petitioner,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent.**

**No. 95–282V.**

United States Court of Federal Claims.

July 31, 1995.

Jane E. Seavecki, Tacoma, WA, attorney of record, for petitioner.

Althea E. Walker, Washington, DC, with whom was Asst. Atty. Gen. Frank W. Hunger, for respondent.

## OPINION

REGINALD W. GIBSON, Judge:

### INTRODUCTION

This vaccine case turns solely on a question of statutory interpretation. Petitioner, James Lombardo, on behalf of his minor son, filed a petition in the United States Court of Federal Claims on April 7, 1995, seeking compensation for a vaccine-related injury under the National Vaccine Injury Compensation Program (Vaccine Program). 42 U.S.C. § 300aa–1 *et seq.* (1988 & Supp. V 1993) (Vaccine Act). Thereafter, on May 18, 1995, Special Master John F. Edwards dismissed the petition, finding that it was time-barred

pursuant to 42 U.S.C. § 300aa–16(a)(1).[1] At bar, petitioner has filed a Motion for Review (June 15, 1995) arguing that the special master's dismissal was not in accordance with law because, on petitioner's unique facts, the time-bar should have been equitably tolled. As is explicated hereinafter, we find that § 300aa–16(a)(1) is a statute of repose that cannot be equitably tolled. Therefore, on the undisputed facts, petitioner's claim is unquestionably time-barred. Accordingly, we sustain the special master's order of dismissal and, thus, deny petitioner's Motion for Review.

## BACKGROUND

Thomas "Zach" Lombardo, petitioner's minor son, received a diphtheria-pertussis-tetanus (DPT) vaccination on May 1, 1987. Within three days, petitioner alleges that Zach suffered the first symptom or manifestation of an injury listed on the Vaccine Injury Table (*i.e.*, residual seizure disorder). 42 U.S.C. § 300aa–14. Thereafter, petitioner avers that he was repeatedly told by health care professionals that the DPT vaccination was *not* a possible cause of Zach's injuries. Petitioner eventually filed a claim for compensation on April 7, 1995, nearly eight (8) years after the alleged onset of Zach's injury.

On April 13, 1995, the special master issued an order declaring that, facially, the petition appeared barred by § 300aa–16(a)(1) and directing petitioner to show cause why the petition should not be dismissed. After receiving petitioner's memorandum to show cause, the special master entered an order dismissing the petition, on May 18, 1995. Because the special master found that § 300aa–16(a)(1) is a statute of repose which may not be tolled, he held that the claim was time-barred. Petitioner's Motion for Review was filed in this court on June 15, 1995.

At bar, petitioner asks this court to set aside the dismissal order of the special master. In support of his request, petitioner argues that § 300aa–16(a)(1) is not a statute of repose or that, even if it is, "unique and extraordinary circumstances" justify tolling

the statutory time-bar. Thus, petitioner charges the special master with an erroneous interpretation and application of § 300aa–16(a)(1).

Respondent, naturally, counters that the statutory time-bar at issue in the instant case represents a statute of repose to which the "equitable tolling" doctrine does not apply. To buttress this contention, respondent cites to several cases from the Court of Federal Claims wherein § 300aa–16(a)(1) has been held to be an untollable statute of repose. The fundamental issue before this court, therefore, is—whether petitioner's claim is time-barred. This question turns on whether the special master properly interpreted the relevant statutory provision, § 300aa–16(a)(1). If the special master was correct in his holding that the filing deadline may not be tolled or otherwise avoided, then the petition is untimely and barred under said deadline.

## STANDARD OF REVIEW

■ On review of the decision of a special master in a vaccine compensation case, the Court of Federal Claims is authorized to—

(A) uphold the findings of fact and conclusions of law of the special master and sustain the special master's decision,

(B) set aside any findings of fact or conclusion of law of the special master found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and issue its own findings of fact and conclusions of law, or

(C) remand the petition to the special master for further action in accordance with the court's direction.

42 U.S.C. § 300aa–12(e)(2). Thus, under the Vaccine Act, there are three distinct levels of review. Factual findings are reviewed under the arbitrary and capricious standard; legal questions are reviewed under the "not in accordance with law" standard; and, discretionary rulings are reviewed for abuse of discretion. *Munn v. Secretary of Health*

---

1. Section 300aa–16(a)(1) provides that, for injuries caused by a vaccine administered *prior* to October 1, 1988, "no petition may be filed for compensation ... after the expiration of 28 months after October 1, 1988" (*i.e.*, after February 1, 1991).

*and Human Servs.*, 970 F.2d 863, 870 n. 10 (Fed.Cir.1992).

As was explicated above, the central dispute in this matter concerns the proper interpretation and application of § 300aa–16(a)(1). This is, of course, a question of law which the court reviews under the "not in accordance with law" standard. In order to determine whether the special master's decision was in accordance with law, we must, in essence, undertake a *de novo* analysis of the substance and content of the applicable law. In this light, we now proceed to analyze § 300aa–16(a)(1), with the goal of ascertaining whether that time limitation provision may be equitably tolled.

## DISCUSSION

■ 42 U.S.C. § 300aa–16(a) provides in relevant part:

In the case of—

(1) a vaccine set forth in the Vaccine Injury Table which is administered before October 1, 1988, if a vaccine-related injury or death occurred as a result of the administration of such vaccine, no petition may be filed for compensation under the Program for such injury or death after the expiration of 28 months[2] after October 1, 1988. . . .

October 1, 1988 was the effective date of the Vaccine Program. *See* National Childhood Vaccine Injury Act of 1986, Pub.L.No. 99–660, § 323, 100 Stat. 3755, 3784 (set out as a note under 42 U.S.C. § 300aa–1). Thus, cases in which an injury or death is alleged to have been caused by a vaccine administered before the effective date are referred to as "pre-Act" cases. In these cases, a petition for compensation under the Program *must* have been filed on or before February 1, 1991 (*i.e.*, 28 months after October 1, 1988).

On review, petitioner argues that the special master should not have dismissed the petition because his "unique and extraordinary circumstances" justify tolling[3] this statutory deadline for filing actions under the Vaccine Program. Therefore, the threshold issue before the court is whether the statutory deadline in § 300aa–16(a)(1) is subject to equitable tolling. Because we conclude that § 300aa–16(a)(1) is a statute of repose, rather than a mere statute of limitations, we hold that the statutory deadline applicable to petitioner in the instant case may not be tolled for equitable reasons. Accordingly, we need not address the bona fides of petitioners contention that "unique and extraordinary circumstances" prevented him from filing this action in a timely manner.

### 1. Equitable Tolling

■ The equitable tolling doctrine has been invoked by federal courts to allow a party, in certain circumstances, to maintain an action despite the fact that a statutory time limit has nominally elapsed.

Federal courts have typically extended equitable relief only sparingly. [They] have allowed equitable tolling where the claimant has actively pursued his judicial reme-

2. As originally enacted, § 300aa–16(a)(1) required petitions with respect to injuries occurring before October 1, 1988, to be filed within 24 months of that date. National Childhood Vaccine Injury Act of 1986, Pub.L.No. 99–660, § 311, sec. 2116(a)(1), 100 Stat. 3755, 3769. In 1990, Congress amended this provision, extending the cut-off date to 28 months after October 1, 1988. Vaccine and Immunization Amendments of 1990, Pub.L.No. 101–502, § 5(e), 104 Stat. 1285, 1287.

3. Because petitioner has failed to precisely formulate his objection, it is possible that he is also contending that § 300aa–16(a)(1) should be "waived" or that respondent should be "equitably estopped" from interposing the statutory time-bar as a defense. However, time limitations on the filing of actions against the United States are conditions to the waiver of sovereign immunity and, thus, jurisdictional. *See, e.g., United States v. Mottaz*, 476 U.S. 834, 841, 106 S.Ct. 2224, 2229, 90 L.Ed.2d 841 (1986). Therefore, the court may not waive the limitation because to do so would be to improperly and illicitly expand our jurisdiction. *Widdoss v. Secretary of Health and Human Servs.*, 989 F.2d 1170, 1177–78 (Fed. Cir.1993). Moreover, the "equitable estoppel" doctrine is of no help to petitioner. Even if respondent were estopped from raising the time-bar defense, the court is duty-bound to dismiss the petition *sua sponte* when it appears to the court that it lacks jurisdiction. Accordingly, we need only consider the doctrine of "equitable tolling" in our discussion, as that doctrine has been held by the Supreme Court to be applicable even to jurisdictional statutes of limitations, *infra*.

dies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. [They] have generally been less forgiving in receiving late filings where the claimant has failed to exercise due diligence in preserving his legal rights.

*Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 457–58, 112 L.Ed.2d 435 (1990) (footnotes omitted). In essence, then, the doctrine permits a court to forgive a late filing where compelling circumstances indicate that such a result would be equitable. Equitable tolling will not, however, extend to "garden variety claim[s] of excusable neglect." *Id.*

In *Irwin v. Department of Veterans Affairs, supra,* the U.S. Supreme Court held that the customary rule, that statutes of limitations on actions between private litigants are subject to equitable tolling, also applies to suits against the United States. Thus, the Court found that, when Congress consents to be sued (*i.e.,* waives sovereign immunity) but imposes a time limitation on such suits, there is a rebuttable presumption that equitable tolling is available. *Id.* at 95–96, 111 S.Ct. at 457.

 However, not all statutory time limits on lawsuits are subject to equitable tolling. When a time limit is intended as a period of repose, equitable tolling is inapplicable. In *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* 501 U.S. 350, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991), decided later in the same term as *Irwin,* a private plaintiff had filed a securities misrepresentation suit under section 10(b) of the Securities Exchange Act of 1934 (1934 Act). Because this private cause of action had been held by the Court to be *implied* by the 1934 Act, there was no *express* statute of limitations governing the subject suit. Therefore, the Court "borrowed" the limitations period from the express causes of action provided for in the 1934 Act. These provisions require that a suit must be brought within one year of the discovery of the violation, but not more than three years after the violation. *Id.* at 360, 111 S.Ct. at 2780.

Because plaintiff in *Lampf* had failed to file suit within three years of the alleged violation, the Court addressed whether its "borrowed" limitation period could be equitably tolled. *Id.* at 363, 111 S.Ct. at 2782. The Court held that "[t]he three-year limit is a period of repose inconsistent with tolling.... Because the purpose of the three-year limitation is clearly to serve as a cut-off, [the Court held] that tolling principles do not apply to that period." *Id.* Thus, where a limitation period is a period of repose, *i.e.,* designed to serve as a cut-off, a plaintiff or petitioner may not avail himself of the doctrine of equitable tolling.

### 2. Statutes of Repose vs. Statutes of Limitations

As the foregoing makes clear, in order to ascertain whether equitable tolling is applicable to a particular time limitation provision, we must first determine whether that provision is a statute of repose or simply an ordinary statute of limitations. If a time limitation provision is found to be a statute of repose, then, of course, equitable tolling is not available. Every time the Court of Federal Claims has faced this issue, it has concluded that the time limitation provision in § 300aa–16(a)(1) is a statute of repose, rather than simply a statute of limitations, to which equitable tolling is inapplicable. *Smith v. Secretary of Health and Human Servs.,* 26 Cl.Ct. 116 (1992); *Massard v. Secretary of Health and Human Servs.,* 25 Cl.Ct. 421 (1992). *See also Weddel v. Secretary of Health and Human Servs.,* 1995 WL 413925, 1995 U.S. Claims LEXIS 134 (Spec.Mstr. June 29, 1995).

In deciding whether a particular statutory time limit is a statute of repose, the touchstone of our inquiry is congressional intent. As both the Supreme Court and the Court of Appeals for the Federal Circuit have held, when Congress intends a particular time period or deadline to serve *as a cut-off,* that period is a period of repose to which equitable tolling principles do not apply. *Lampf,* 501 U.S. at 363, 111 S.Ct. at 2782; *Iacono v. Office of Personnel Management,* 974 F.2d 1326, 1328 (Fed.Cir.1992). Several factors, in addition to the plain meaning of the stat-

ute, have been identified by the courts to help ascertain whether Congress intended a filing deadline to serve as a cut-off, *i.e.,* whether a particular provision is a statute of repose.

■ Speaking to the distinction between statutes of repose and statutes of limitations, the Court of Appeals for the Tenth Circuit has explained that—

A statute of repose typically bars the right to bring an action after the lapse of a specified period, unrelated to the time when the claim accrued. The bar instead is tied to an independent event, such as the delivery of the product to a purchaser in the stream of commerce for a products liability statute. A statute of limitations generally bars the bringing of an action after the passage of a given period of time following the accrual of the claim.... Both types of statutes are often referred to as statutes of limitations.

*Alexander v. Beech Aircraft Corp.,* 952 F.2d 1215, 1218 n. 2 (10th Cir.1991). Thus, whether a time limit runs from the accrual of a claim or from some independent event is one factor in determining whether a particular provision is a statute of repose.

■ Moreover, the Court of Federal Claims has identified the length of the particular filing period as a relevant factor in determining whether a provision was intended to be a statute of repose. *Raspberry v. Secretary of Health and Human Servs.,* 32 Fed.Cl. 777, 779 (1995) (comparing the 30-day period for filing a motion for review in the Court of Federal Claims with the 28-month period allowed for filing pre-Act petitions under the Vaccine Act). *See also Lampf,* 501 U.S. at 363, 111 S.Ct. at 2782 (three-year period permits repose). The longer the period in which the filing of an action is permitted, the more likely it is that Congress intended a particular time limitation to act as a statute of repose.

■ Next, time limits applicable to the filing of an *initial action* are much more likely to be statutes of repose than time limits applicable in other phases of litigation. For example, in *Raspberry,* 32 Fed.Cl. at 780, the Court of Federal Claims distinguished the 30-day time period for filing a motion for review of a special master's decision with the provision at issue in this case, § 300aa-16(a)(1), which has been held to be a statute of repose. The court held that post-trial time limits are unlikely to be intended as statutes of repose because the evidence has already been presented at trial and, therefore, the risk of evidence disappearing or memories fading is eliminated. *Id.* Additionally, after the initial filing, the defendant has been put on notice that he may have to defend himself. Thus, where a statute bars the initial filing of a petition as opposed to subsequent filings, it is more likely that Congress intended the provision to be a statute of repose.

■ Finally, of course, the legislative history of a given enactment can provide valuable insight into whether Congress intended a statutory filing deadline to operate as a statute of repose. Therefore, in order to determine whether Congress intended the 28-month filing deadline in pre-Act cases under the Vaccine Program to be a statute of repose, we must examine the following factors: (1) whether the plain language of the statute indicates that it was intended as a cut-off; (2) whether the statutory time limit begins to run from the date of accrual or from some independent date; (3) the relative length of the statutory time period; (4) whether the time limit applies to the initial filing of an action or to some other, later phase of litigation; and (5) whether the legislative history provides any indication as to congressional intent. Accordingly, we now analyze § 300aa-16(a)(1) in light of the foregoing factors.

### 3. Analysis of Section 300aa-16(a)(1)

First, the plain language of § 300aa-16(a)(1) suggests that it was intended to serve as a cut-off. Initially, we note that the statute literally provides that "no petition may be filed" after the deadline. And, of course, no collateral provision is made within the Vaccine Act for the tolling of the statutory filing deadlines. While the Supreme Court has held that the mandatory or stringent character of the language is only slightly probative, if at all, of congressional intent,

*Irwin,* 498 U.S. at 95, 111 S.Ct. at 457, to the extent that this court is required to give effect to the precise language of the statute, this unequivocal language mitigates in favor of a finding that equitable tolling is not available under § 300aa–16(a)(1).

Much more importantly, however, the plain language of the subject provision provides a *date certain* by which *all* pre-Act cases must have been filed.[4] This statutory structure is in contradistinction to the situation where Congress provides a time limit that expires at a different date in each individual case, as in most statutes of limitations. This is important because it strongly suggests that Congress sought to extend relief to those vaccinated before the Act took effect, but also wanted to provide the government with a definite date after which it would no longer have to defend against any such retroactive suits. This makes it abundantly clear that Congress intended § 300aa–16(a)(1) to be a statute of repose.

In this respect, § 300aa–16(a)(1) is strikingly similar to the statutory deadline at issue before the Federal Circuit in *Iacono v. Office of Personnel Management, supra.* In *Iacono,* petitioner sought a survivor annuity as the widow of a former government employee under the Spouse Equity Act. That statute provided that in order to receive the annuity, a claimant must have filed an application for it on or before May 7, 1989. The Federal Circuit concluded that equitable tolling was not applicable to this statutory deadline. In discussing the relevant provision, the court stated that—

> the statutory deadline in the Spouse Equity Act does not await a specific event to start the deadline clock, as typically does a statute of limitation. Rather, the 1989 deadline served as the endpoint of the definite time period in which Congress would permit a specific class of [claimants to file claims].

*Id.* at 1328. Similarly, in the case at bar, the specification in § 300aa–16(a)(1) of a date certain as the statutory filing deadline manifests Congress' explicit intent to provide an endpoint or cut-off after which no further pre-Act petitions would be allowed.

Second and related to the previous point, the 28–month period in § 300aa–16(a)(1) began to run with the effective date of the Act, rather than with the accrual of any particular claim. Because the beginning date of the running of the statutory time period was the same in all pre-Act cases, it is difficult, if not impossible, to conceive of a starting date more "independent" of the date of accrual of the underlying claim in this case. Given this independence of the beginning date of the statutory period in § 300aa–16(a)(1) from the accrual date of the underlying claim, it is patently clear that Congress intended this section to operate as a statute of repose.

Third, the 28–month filing time limit at issue in the instant case is similar in length to the three-year filing period held to be a period of repose in *Lampf,* 501 U.S. at 363, 111 S.Ct. at 2782, and is considerably longer than the 30–day filing period in *Raspberry,* 32 Fed.Cl. at 781–782, which the Court of Federal Claims held was subject to equitable tolling. Of course, there are many statutes of limitations that are longer than 28 months. *E.g.,* 28 U.S.C. § 2501 (six years). While the court in *Raspberry* found the length of the statutory period to be a significant factor, it is probably not very probative of Congress' intent that a provision operate as a statute of repose, unless the specific period at issue is at either extreme in terms of its length (*e.g.,* 30 days to file a motion for review vs. 10–year products liability provision).

Fourth, the time-bar contained in § 300aa–16(a)(1) is a limitation on the filing of an *initial petition* for compensation under the Vaccine Program, rather than a deadline applicable to some later phase of litigation. Thus, pursuant to the reasoning in *Raspberry, supra,* this factor militates in favor of finding that the statutory time-bar for pre-

---

4. All pre-Act cases must have been filed on or before February 1, 1991. Although the deadline is expressed as 28 months from October 1, 1988 (the effective date of the Vaccine Program), this was evidently due to uncertainty, during the drafting of the provision, as to when the program would take effect. *See* Vaccine Act, Pub.L.No. 99–660, § 311, sec. 2116(a)(1), 100 Stat. 3755, 3769 (providing that pre-Act petitions must be filed within "24 months after the effective date of this subpart").

Act vaccine compensation petitions is a statute of repose.

Fifth, and finally, the legislative history of § 300aa–16(a)(1) supports our conclusion that that section was intended by Congress to be a statute of repose. Initially, we observe that, as originally introduced in the Senate, the Vaccine Act (then called the "National Childhood Vaccine–Injury Compensation Act") contained a statute of limitations provision which allowed the filing of a petition after the statutory deadline "if the petitioner demonstrates that he or she was not informed [of the vaccine compensation program], or did not know that the injury was compensable." S. 2117, 98th Cong., 1st Sess. § 2115(b) (1983). Significantly, the Vaccine Act, as finally enacted by the Congress, did not contain a similar provision allowing for the filing of petitions beyond the deadline. See 42 U.S.C. § 300aa–16. Thus, Congress obviously knew how to expressly provide for the filing of untimely petitions for compensation when a petitioner was unaware that his injury was compensable (petitioner's case at bar), but chose not to do so in the eventual enactment. This suggests that Congress did not want petitions to be filed beyond a certain cut-off date and, therefore, did not intend for equitable tolling to be available under § 300aa–16(a)(1).

Moreover, in 1990, § 300aa–16(a)(1) was amended to extend the time for filing pre-Act claims by four months. Vaccine and Immunization Amendments of 1990, Pub.L.No. 101–502, § 5(e), 104 Stat. 1285, 1287. As originally enacted, the deadline for filing pre-Act claims for compensation was October 1, 1990 (24 months after the effective date of the Program). As this deadline approached, Congress became concerned that the Secretary of Health and Human Services was not adequately publicizing the Program. 136 Cong.Rec. S15, 198–99 (daily ed., Oct. 12, 1990) (remarks of Sen. Kennedy). As a result, Congress feared that some individuals who had only recently learned of the Vaccine Program would not have enough time to assemble the materials necessary for a petition for compensation under the Act. Id.; 136 Cong.Rec. H9,729 (daily ed., Oct. 15, 1990) (statement of Rep. Waxman). Therefore, Congress extended the deadline to allow an additional four months (to February 1, 1991) to file a petition in pre-Act cases.

If Congress had intended for the original deadline to be subject to equitable tolling, it is unlikely that its members would have been so concerned with extending the filing period. The legislative history, supra, makes clear that Congress understood that the statutory deadline in § 300aa–16(a)(1) was absolute. This was the reason for Congress' explicit concern that many individuals might be barred from seeking compensation under the Vaccine Program. And, again, Congress could have provided in the amendment that extenuating circumstances would toll the filing deadline, but chose not to. Rather, Congress again prescribed a date certain after which pre-Act petitions could not be filed.

In sum, therefore, Congress eliminated an express provision in an earlier version of the Vaccine Act allowing for the filing of petitions beyond the deadline, voted to extend the deadline fearing that those with legitimate claims might be barred under the original time limit, and extended the deadline by four months, again providing a date certain by which pre-Act claims must be filed. These actions unequivocally establish that Congress intended the statutory filing deadline at issue in this case to be an endpoint after which no further petitions could be filed. Therefore, we are constrained to conclude that the foregoing legislative history supports our view that § 300aa–16(a)(1) was intended to serve as a cut-off. In other words, Congress clearly intended that section to be a statute of repose. Smith, 26 Cl.Ct. at 119 n. 4; Massard, 25 Cl.Ct. at 425–26.

Thus, we conclude that the foregoing analysis of the relevant factors reveals that § 300aa–16(a)(1) is unquestionably a statute of repose. This conclusion is supported by the plain language of the statute, the fact that the time limit begins at an arbitrary date, the length of the filing period, the fact that § 300aa–16(a)(1) bars the filing of an initial petition, and the legislative history of that provision. Having concluded that § 300aa–16(a)(1) is a statute of repose, we are further constrained to hold that equitable tolling principles are inapplicable to that stat-

utory time limitation on the filing of petitions for compensation under the Vaccine Act. *Lampf,* 501 U.S. at 363, 111 S.Ct. at 2782; *Iacono,* 974 F.2d at 1328; *Massard,* 25 Cl.Ct. at 425.

## CONCLUSION

Because § 300aa–16(a)(1) is a statute of repose, we hold that the filing deadline contained therein may not be equitably tolled. Therefore, it is indisputable that petitioner's initial filing was untimely, as it was filed well beyond said deadline. Accordingly, the special master's dismissal of the petition was proper and in accordance with law. Consequently, petitioner's motion for review must be, and is hereby, DENIED. The Clerk shall dismiss the petition. No costs.

IT IS SO ORDERED.

