Jerry L. WEDDEL, and wife Lea Ann Weddel, on behalf of their minor daughter, Cassie Ann Weddel, Petitioners–Appellants,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent–Appellee.

No. 96–5062.

United States Court of Appeals, Federal Circuit.

Nov. 12, 1996.

equitable tolling is available under the Act. We affirm.

## I

In April 1988, the Weddels filed a tort action in Texas state court for seizures allegedly suffered by their daughter as a result of a Diphtheria–Pertussis–Tetanus (DPT) vaccine she received on August 4, 1986. On September 11, 1990, the Weddels mailed both a motion to dismiss their tort action to the clerk of the state court, and a petition to the United States Claims Court (now the United States Court of Federal Claims (CFC)) seeking compensation for the injury under the Vaccine Act. *See* 42 U.S.C. §§ 300aa–1 to –34 (1994). Under that Act, which became effective October 1, 1988, a party that had a pending action in state court when the Act went into effect arising out of an alleged vaccine injury and that wanted to receive compensation under the Act, was required to file a petition with the CFC by October 1, 1990 (later extended to February 1, 1991). *See* 42 U.S.C. § 300aa–11(a)(1), (a)(5)(A) (1994). In addition, a party could not file a petition under the Act if the party had a copending action in another court for damages related to the same vaccination. *See* 42 U.S.C. § 300aa–11(a)(5)(B) (1994). Because the Weddels' petition arrived and was filed by the CFC on September 12, 1990, but the motion to dismiss did not arrive at the state court until September 13, 1990, the Special Master dismissed the petition under the copendancy provision for lack of jurisdiction.

On appeal, the Weddels argued that: (1) their dismissal should have been deemed effective on dispatch; (2) their CFC petition should not have been considered filed until September 18, 1990, because it was incomplete until then due to a missing cover sheet and some supporting materials required by the formal pleading rules; and (3) equitable tolling of the deadline was available to them under the Act. This court rejected the first two arguments and held that the third was not ripe. *See Weddel v. Secretary of Dep't of Health & Human Servs.*, 23 F.3d 388 (Fed. Cir.1994).

Thomas S. Brandon, Jr., Michener, Larimore, Swindle, Whitaker, Flowers, Sawyer, Reynolds & Chalk, L.L.P., Forth Worth, Texas, argued for petitioners-appellants.

Richard A. Schollman, Attorney, Torts Branch, Department of Justice, Washington, D.C., argued for respondent-appellee. With him on the brief were Frank W. Hunger, Assistant Attorney General, Helene M. Goldberg, Director, and John Lodge Euler, Deputy Director.

Before RICH, CLEVENGER, and RADER, Circuit Judges.

CLEVENGER, Circuit Judge.

Jerry and Lea Ann Weddel appeal from the judgment of the Court of Federal Claims, No. 94–524V (Dec. 6, 1995), which affirmed the Special Master's June 29, 1995 decision that section 16(a)(1) of the Vaccine Act, 42 U.S.C. § 300aa–16(a)(1) (1994), is a statute of repose which is not subject to equitable tolling, and that the Weddels are not entitled to an extension of the statutory deadline even if

The Weddels filed a new petition with the CFC in August of 1994. Because the deadline for filing a petition under the Vaccine Act had since passed, they argued that the deadline should be equitably tolled, thereby allowing the new claim to proceed. The CFC decided that the relevant statutory provision, section 16(a)(1), was a statute of repose rather than a statute of limitations, and thus equitable tolling did not apply to the petition. The CFC also decided that even if equitable tolling was applicable under the Vaccine Act, it was not available to the Weddels because they did not exercise due diligence in filing their compensation claim.

## II

■ Whether equitable tolling is permitted under section 16(a)(1) raises a pure question of federal law involving statutory interpretation. We review the trial court's resolution of such issues *de novo*. *Martin v. Secretary of Health & Human Servs.*, 62 F.3d 1403, 1405 (Fed.Cir.1995).

■ A statute of limitation sets out the maximum period of time during which an action can be brought or a right enforced. The statute begins to run on its date of accrual, which is the date the plaintiff discovers (or should discover) he has been injured. This date is often the same as—but sometimes later than—the date on which the wrong that injures the plaintiff occurs.

■ The doctrine of equitable tolling stops the running of the statute of limitation if, despite all due diligence, plaintiffs are unable to obtain essential information concerning the existence of their claim. *See Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir.1990) (comparing the doctrine of equitable estoppel with the doctrine of equitable tolling). Where Congress has made an express waiver of sovereign immunity, there is a presumption that the rule of equitable tolling applies against the government in the same way it applies to private suits. *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95–96, 111 S.Ct. 453, 457–58, 112 L.Ed.2d 435 (1990). The presumption arises because it is "a realistic assessment of legislative intent as well as a prac-tically useful principle of interpretation." *Id.* at 95, 111 S.Ct. at 457.

■ The presumption is not conclusive, however. The doctrine of equitable tolling does not apply to statutes of repose. A statute of repose cuts off a cause of action at a certain time irrespective of the time of accrual of the cause of action. Thus, equitable tolling is generally available unless the statute indicates a contrary intent, *e.g.*, by establishing an outer date for bringing an action.

For example, in *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991), investors brought an action for securities fraud under section 10(b) of the Securities Exchange Act of 1934. That Act included provisions which stated that "no action shall be maintained" unless brought within one year after discovery of the facts constituting a violation or cause of action and within three years after such violation or accrual of such cause of action. *See* 15 U.S.C. § 78r(c) (1994). The Supreme Court rejected the plaintiffs' argument that the limitations period was subject to equitable tolling under *Irwin*, explaining: "The 3–year limit is a period of repose inconsistent with tolling.... Because the purpose of the 3–year limitation is clearly to serve as a cutoff, we hold that tolling principles do not apply to that period." *Lampf*, 501 U.S. at 363, 111 S.Ct. at 2782.

This court considered a similar issue in *Iacono v. Office of Personnel Management*, 974 F.2d 1326 (Fed.Cir.1992). In *Iacono*, a former spouse of a deceased federal employee sought benefits under the Spouse Equity Act, which contained a provision that required a former spouse to file an application for benefits on or before May 7, 1989. The court held that equitable tolling was not available under the Act:

The statutory deadline at issue here is similar to a statute of limitation in but one respect: both function as filing deadlines. However, the statutory deadline in the Spouse Equity Act does not await a specific event to start the deadline clock, as typically does a statute of limitation. Rather, the 1989 deadline served as the endpoint of the definite time period in

which Congress would permit a specific class of potential annuitants to file applications. *See [Lampf,* 501 U.S. at 363, 111 S.Ct. at 2782]* (where the purpose of a time limitation is to serve as a cutoff, equitable tolling principles do not apply to that period). Thus, the filing deadline in the Spouse Equity Act functions as a condition defining and closing the class.

*Id.* at 1328.

■ Section 16(a) of the Vaccine Act contained the limits for when an action may be brought:

In the case of—

(1) a vaccine set forth in the Vaccine Injury Table which is administered before the effective date of this title, if a vaccine-related injury or death occurred as a result of the administration of such vaccine, *no petition may be filed for compensation under the Program for such injury or death after the expiration of 24 months after the effective date of this title.*

National Childhood Vaccine Injury Act of 1986, Pub.L. No. 99–660, § 2116, 100 Stat. 3752, 3769 (codified as amended at 42 U.S.C. § 300aa–16 (1994)) (emphasis added).[1]

The emphasized statutory language clearly sets out a date certain which cuts off entitlement to benefits under the Act. Like the statutory provision in *Iacono,* section 16(a) of the Vaccine Act "served as the endpoint of the definite time period in which Congress would permit a specific class of potential [claimants] to file [petitions]." *See Iacono,* 974 F.2d at 1328. The deadline created a condition that defined and closed the class. The deadline was set on the day the statute went into effect and bore no relation to the date on which the vaccination occurred or on which the Weddels' claim accrued. Because the clear language of the statute indicates Congress's express intent to prevent filings after a specific date, the provision must be read as a statute of repose rather than a statute of limitations, and the Vaccine Act is not subject to equitable tolling.

The Weddels cite the Vaccine Act's legislative history to argue that a denial of equitable tolling would contravene Congress's clear intent of providing generous, quick recovery under the Vaccine Act. In particular, the Weddels note that under the heading "Purpose and Summary," the House Report announces an intent to "establish a Federal 'no-fault' compensation program under which awards can be made to vaccine-injured persons quickly, easily, and with certainty and generosity." H.R.Rep. No. 99–908, at 3 (1986), *reprinted in* 1986 U.S.C.C.A.N. 6344, 6344. Even if we assume that the legislative history is necessary to interpret the statute, reading section 16(a) as a statute of repose is consistent with the intent indicated by the quoted House Report. Construing section 16(a) as a cut-off provides claimants with compensation regardless of when the vaccination was administered as long as the petition is filed by the cut-off date. This construction provides claimants with certainty and in no way reduces the generosity of the program or speed with which the claims are adjudicated. Therefore, treating the section as a statute of repose is consistent with the congressional intent expressed in the House Report.

Because we hold that section 16(a) is a statute of repose, not subject to equitable tolling, we do not consider the CFC's finding that the doctrine of equitable tolling is not available to the Weddels even if the doctrine applies to section 16(a). As this court has noted, "the federal courts must 'assure that public funds will be spent according to the letter of the difficult judgments reached by Congress as to the common good, and not according to the individual favor of Government agents or the individual pleas of litigants.'" *Iacono,* 974 F.2d at 1328 (quoting *Office of Personnel Management v. Richmond,* 496 U.S. 414, 428, 110 S.Ct. 2465, 2473, 110 L.Ed.2d 387 (1990)). Because the Weddels did not meet the statutory requirements for filing a petition under the Vaccine

---

1. Subsequent amendments to the Act are not of import to this case. *See* Vaccine and Immunization Amendments of 1990, Pub.L. No. 101–502, § 5(e)(1)(A), 104 Stat. 1285, 1287 (substituting "expiration of 28 months" for "expiration of 24 months"); Omnibus Budget Reconciliation Act of 1989, Pub.L. No. 101–239, 103 Stat. 2106, 2285; Omnibus Budget Reconciliation Act of 1987, Pub.L. No. 100–203, § 4302, 101 Stat. 1330–1, 1330–221.

Act, we must affirm the lower court's decision.

AFFIRMED.