Christopher George **WILEY,**
**III, Plaintiff,**

v.

**UNITED STATES, Defendant.**

**No. 05–0911V.**

United States Court of Federal Claims.

Feb. 13, 2006.

Christopher George Wiley, III, Jackson, Louisiana, pro se.

Ann K. Donohue, Trial Attorney; Gabrielle M. Fielding, Assistant Director; Vincent J. Matanowski, Acting Deputy Director; Timothy P. Garren, Director, Torts Branch, Civil Division; Peter D. Keisler, Assistant Attorney General, Department of Justice, Washington, DC, for respondent.

## OPINION

HORN, Judge.

On August 19, 2005, Christopher George Wiley, III, proceeding *pro se*, submitted a collection of documents to the Clerk of the United States Court of Federal Claims, seeking recovery under the National Childhood Vaccine Injury Act (Vaccine Act), 42 U.S.C. §§ 300aa–1 to 300aa–34 (2000). Petitioner alleges injury from vaccinations he claimed to have received in 1971 and 1974. Because of petitioner's *pro se* status, the documents were deemed to be a petition for compensation under the Vaccine Act. The petition was assigned to Special Master John F. Edwards. In an unpublished opinion dated September 13, 2005, Special Master Edwards dismissed petitioner's claim after reviewing petitioner's submissions and the record. Petitioner sub-

sequently filed a timely motion for review. This court has jurisdiction under the Vaccine Act to review the Special Master's findings of fact and conclusions of law. *See* 42 U.S.C. § 300aa–12(e)(2).

In the documents submitted to the court, Mr. Wiley stated that he was mentally ill, indigent, and requested the court to appoint an attorney to represent him before the Special Master. Indeed, communications from Mr. Wiley indicate as his return address: "State of Louisiana Department of Health and Hospitals Offices of Mental Health, Eastern Louisiana Mental Health System, East Division, Jackson Campus, Highway 10—P.O. Box 498, Jackson, Louisiana, 70748." The Special Master waived the filing fee and allowed Mr. Wiley to proceed *in forma pauperis.* The Special Master stated, however, that he did not have the authority to appoint Mr. Wiley an attorney and directed the Clerk of the United States Court of Federal Claims to send Mr. Wiley a list of attorneys who might be able to assist petitioner. In a letter filed November 10, 2005, Mr. Wiley also asked this court to appoint an attorney to assist him regarding his petition for review.[1]

The Special Master concluded that most of Mr. Wiley's documents related to previously adjudicated matters and were not relevant to a claim under the Vaccine Act.[2] The Special Master determined, however, that some of the documents might be relevant to a Vaccine Act claim. The purportedly relevant documents included a biopsychosocial integrated summary performed at the Baton Rouge General Medical Center in Baton Rouge, Louisiana in April, 1999. The summary stated that during petitioner's assessment at the Medical Center, Mr. Wiley reported that he "was given his vaccine in his

heart and not his arm, and he did have an allergic reaction and as a result, had to have surgery."[3] The documents also included a report from the Vaccine Adverse Event Reporting System (VAERS) which stated that Mr. Wiley had received "UNK. DTP" and "UNK. POLIOVIRUS LIVE ORAL" vaccinations dated March, 1974.

In addition, Mr. Wiley's petition included a copy of a judgment by the United States Court of Appeals for the Federal Circuit. *See Wiley v. Sec'y of Health and Human Servs.,* 232 F.3d 906 (Fed.Cir.2000) (table). This judgment affirmed the dismissal of a Vaccine Act action filed by Mr. Wiley in 1999. *See Wiley v. Sec'y of Health and Human Servs.,* No. 99–0646V, unpub. decision (Fed. Cl. Chief Spec. Mstr. Golkiewicz, Aug. 4, 1999). In the 1999 action, Mr. Wiley had claimed injuries from vaccinations for "D.P.[T]. and Polio in my Heart left side." *Id.* In support of those claims, Mr. Wiley had submitted the same VAERS report as is submitted in the present case. *Id.* On August 4, 1999, Chief Special Master Golkiewicz dismissed Mr. Wiley's claims and wrote: "Since the vaccines were administered in 1971 and 1974, according to the Vaccine Act the case had to be filed no later than February 1, 1991. Since the case was filed after that date, this court no longer has jurisdiction to consider the complaint." *Id.*

In the present action, Case No. 05–0911V, Special Master Edwards, after accepting petitioner's claim for filing, "expresse[d] his grave concern" that Mr. Wiley had failed to present any new or relevant evidence that would distinguish this claim from the previous claim. Nevertheless, "out of an abundance of caution," the Special Master directed Mr. Wiley to:

   a.   identify his injury;

---

**1.** In another letter to the court dated January 31, 2006, Mr. Wiley attached responses from two law firms he had contacted to represent him in the instant case. Attorneys from both firms declined to represent Mr. Wiley, stating that petitioner's claims under the Vaccine Claim Act had expired and were barred by the statute of limitations.

**2.** The documents the Special Master deemed not relevant included several relating to a civil case in the United States District Court for the Middle

District of Louisiana, including the Magistrate Judge's Report (*Wiley v. Massanari,* Civ. No. 00–420–D–M3 (2001)); a denial for a rehearing on the civil case by the Supreme Court of the United States; and a letter from Mr. Wiley's Representative in Congress concerning social security benefits.

**3.** The Medical Center summary also stated that there is a "surgical revision of the skin site where he did have a vaccine as a child."

b. identify the vaccines that he believes caused his injury;

c. state the dates on which he received the vaccines that he believes caused his injury; and

d. state the date on which his injury began.

In response to the Special Master's order, Mr. Wiley sent a letter, filed September 8, 2005, stating that he had received the vaccine "in my heart and not my arm" and that Social Security doctors had told him one of his vaccines was a smallpox vaccine. In the September 8, 2005 letter, Mr. Wiley stated he received the vaccines from 1971 to 1974. He stated his injuries began when he was 9 years old and "I had to have surgery." Attached to this September, 2005 letter, Mr. Wiley submitted a copy of the same biopsychosocial integrated summary that he had included in his first submission to the court on August 19, 2005. Mr. Wiley also attached to this September, 2005 letter the same VAERS report that he had included with his August 19, 2005 letter. This VAERS report was the same report he had previously submitted with his 1999 Vaccine Act action decided by Chief Special Master Golkiewicz. *Wiley v. Sec'y of Health and Human Servs.,* No. 99–0646V, unpub. decision (Fed.Cl. Spec.Mstr. Aug. 4, 1999).

On September 13, 2005, Special Master Edwards issued an unpublished decision, dismissing Mr. Wiley's petition. *Wiley v. Sec'y of Health and Human Servs.,* No. 05–0911V, —— Fed.Cl. —— (Fed.Cl.Spec.Mstr. Sept. 13, 2005). The Special Master ruled that although Mr. Wiley received the vaccinations at issue in this case before October 1, 1988, the effective date of the Vaccine Act, Mr. Wiley waited until August, 2005 to file the instant claim. Since the statute allowed for only twenty-eight months after October 1, 1988 to file claims arising before that date, Special Master Edwards ruled Mr. Wiley's claim was time barred. Further, since the applicable Vaccine Act is a statute of repose (discussed below), the Special Master ruled that equitable tolling does not apply.

In a letter filed October 13, 2005, Mr. Wiley stated he was appealing the decision issued by Special Master Edwards. Mr. Wiley wrote, "I need to know why the vaccine was put in my heart and not my arm?" Mr. Wiley also included with this letter a copy of the affirmance by the United States Court of Appeals for the Federal Circuit of Chief Master Golkiewicz's decision dismissing Mr. Wiley's 1999 case. *See Wiley v. Sec'y of Health and Human Servs.,* 232 F.3d 906. This judge was assigned review of Special Master Edward's 2005 opinion dismissing petitioner's case. In a subsequent letter received by this court and filed November 9, 2005, Mr. Wiley objected to "Chief Special master Golkiewicz Rule that he did not Possess Jurisdiction." In the same letter, Mr. Wiley stated that he was in prison from October 1990 to July 1994 and could not have met the February 1, 1991 deadline for filing an outstanding Vaccine Claim. On November 14, 2005, the United States filed a response to petitioner's motion for review, asking this court to affirm Special Master Edwards' 2005 decision and to dismiss the case. Mr. Wiley filed a response on November 28, 2005.

**DISCUSSION**

Petitioner is representing himself *pro se* in the matter before the court. A *pro se* party's allegations, "however inartfully pleaded," will be held to "less stringent standards" than formal allegations drafted by lawyers. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652, *reh'g denied,* 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972). A *pro se* party's allegations will only be dismissed before giving the plaintiff an opportunity to present evidence if it appears " 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Id.* at 520–521, 92 S.Ct. 594 (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

When reviewing a Special Master's decision, the assigned judge of the United States Court of Federal Claims shall:

(A) uphold the findings of fact and conclusions of law of the special master and sustain the special master's decision,

(B) set aside any findings of fact or conclusion of law of the special master found to

be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and issue its own findings of fact and conclusions of law, or

(C) remand the petition to the special master for further action in accordance with the court's direction.

42 U.S.C. § 300aa–12(e)(2); *see also* RCFC App. B, Rule 27.

The legislative history of the Vaccine Act states that "[t]he conferees have provided for a limited standard for appeal from the [special] master's decision and do not intend that this procedure be used frequently, but rather in those cases in which a truly arbitrary decision has been made." H.R. Conf. Rep. No. 386, 101st Cong., 1st Sess. 512–13, 517, *reprinted in* 1989 U.S.C.C.A.N.1906, 3115, 3120.

■ The purpose behind the enactment of the Vaccine Act was to offer relief to a group of individuals whose injuries or death qualified them under the terms of that Act for compensation. The accompanying financial appropriation could not be sufficiently large to ensure that all potential retrospective victims whose injuries had occurred prior to the passage of the Vaccine Act, could be compensated. Therefore, Congress set a specific date, which although extended once, was to serve as a date beyond which no additional claims originating before October 1, 1988 would be accepted.

The Vaccine Act states:

In the case of—

(1) a vaccine set forth in the Vaccine Injury Table which is administered before October 1, 1988, if a vaccine-related injury or death occurred as a result of the administration of such vaccine, no petition may be filed for compensation under the Program for such injury or death after the expiration of 28 months after October 1, 1988, and no such petition may be filed if the first symptom or manifestation of onset or of the significant aggravation of such injury occurred more than 36 months after the date of administration of the vaccine ....

42 U.S.C.A. § 300aa–16(a).

Mr. Wiley claims he was vaccinated sometime between 1971 and 1974. All the documents Mr. Wiley provided in support of his claim direct this court's attention to the same period. However, Mr. Wiley did not file the petition for relief currently under review until August, 2005, more than thirty years after the alleged vaccinations. The time period to file under section 300aa–16(a) for vaccinations taking place before October 1, 1988, was twenty-eight months after October 1, 1988, or February 1, 1991. Mr. Wiley filed his claim more than fourteen years after the cut-off date of February 1, 1991. Mr. Wiley's claim is therefore time-barred by section 300aa–16(a).

Mr. Wiley's objects to this time bar by stating he was in prison from 1990 to 1994 and, therefore, unable to file a motion seeking relief. Mr. Wiley's objection appears to be a request for this court to apply equitable tolling. "The doctrine of equitable tolling stops the running of the statute of limitation if, despite all due diligence, plaintiffs are unable to obtain essential information concerning the existence of their claim." *Weddel v. Sec'y of Health and Human Servs.*, 100 F.3d 929, 931 (Fed.Cir.1996) (citation omitted). Federal courts have granted equitable relief only sparingly. *See Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), *reh'g denied,* 498 U.S. 1075, 111 S.Ct. 805, 112 L.Ed.2d 865 (1991).

■ Moreover, the United States Court of Appeals for the Federal Circuit has ruled that section 300aa–16(a) is a statute of repose. *See Brice v. Sec'y of Health and Human Servs.*, 240 F.3d 1367, 1371 (Fed.Cir.), *cert. denied,* 534 U.S. 1040, 122 S.Ct. 614, 151 L.Ed.2d 538 (2001); *Weddel v. Sec'y of Health and Human Servs.*, 100 F.3d at 932. A statute of repose is distinguished from an ordinary statute of limitations in that a statute of repose runs from a determined date and does not use the date of injury as a factor in determining the deadline for filed claims. *Massard v. Sec'y of Health and Human Servs.*, 25 Cl.Ct. 421, 425 (1992); *see also Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* 501 U.S. 350, 363, 111 S.Ct. 2773, 115 L.Ed.2d 321, *reh'g denied,* 501 U.S. 350, 111 S.Ct. 2773, 115 L.Ed.2d

321, *superseded by statute on other grounds,* Pub.L. No. 102–242 § 476, 105 Stat. 2236 (1991). In contrast to an ordinary statute of limitations, for which the main purpose is the "prevention of stale claims," a statute of repose is designed to provide immunity to the defendant and "relieve potential defendants from anxiety over liability for acts committed long ago." *Massard v. Sec'y of Health and Human Servs.,* 25 Cl.Ct. at 425 (quoting *Goad v. Celotex Corp.,* 831 F.2d 508, 511 (4th Cir.1987), *cert. denied,* 487 U.S. 1218, 108 S.Ct. 2871, 101 L.Ed.2d 906 (1988)).

In *Lombardo v. Secretary of Health and Human Services,* the court analyzed several factors before concluding that the Vaccine Act, and particularly section 300aa–16(a)(1), was a statute of repose. *Lombardo v. Sec'y of Health and Human Servs.,* 34 Fed.Cl. 21, 27–29 (1995). The first and most important factor was that the plain language of section 300aa–16(a)(1) "strongly suggests that Congress sought to extend relief to those vaccinated before the Act took effect, but also wanted to provide the government with a definite date after which it would no longer have to defend against any such retroactive suits." *Id.* at 27. In addition, Congress provided a lengthy filing period (originally twentyfour months) in section 300aa–16(a)(1), and chose to have it run from the effective date of the act (October 1, 1988), rather than from the accrual of any particular claim. *Id.* Congress also extended the deadline for filing outstanding claims from twenty-four months to twenty-eight months (from October, 1990 to February, 1991). *Id.* at 28. Finally, Congress rejected a provision that existed in an earlier version of the Vaccine Act which allowed for petitions beyond the deadline if a petitioner could demonstrate that he or she was not informed of the Vaccine Compensation Program or did not know that the injury was compensable. *Id.* at 28. All of these factors demonstrate clear Congressional intent to make section 300aa–16(a)(1) a statute of repose. *Id.* at 29; *see also Brice v. Sec'y of Health and Human Servs.,* 240 F.3d at 1371; *Weddel v. Sec'y of Health and Human Servs.,* 100 F.3d at 931–33.

Mr. Wiley waited more than fourteen years after the statutory deadline to file his claim. Although Mr. Wiley states he could not file a timely motion since he was in prison from October, 1990 to July, 1994, he does not explain why he did not file his claim between October 1, 1988, the effective date of the act, and October, 1990, when he purportedly began his incarceration. Nor does he explain why he waited more than ten years from his purported release to file. Furthermore, nothing in the Vaccine Act allows for tolling the deadline while a party is in prison, or otherwise detained. Moreover, even if Mr. Wiley had shown due diligence, the Special Master's conclusion is correct that section 300aa–16(a) is a statute of repose, making equitable tolling inapplicable. Mr. Wiley's claim in the case currently before the court is time-barred.

Finally, it appears that *Wiley v. Secretary of Health and Human Services,* No. 99–0646V involves the same facts and allegations as the instant case, *Wiley v. Secretary of Health and Human Services,* No. 05–0911V. Mr. Wiley alleges that the vaccinations in both claims occurred between 1971 and 1974. This conclusion is evident from a review of the pleadings and opinions issued in both cases and is further supported by Mr. Wiley's submission of the same VAERS report in both cases. If the two cases represent the same claim, Mr. Wiley's cause of action filed in 2005 is barred, as respondent points out, by the doctrine of *res judicata.* The doctrine of *res judicata* states that final judgment on a claim extinguishes "all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction ... out of which the action arose." *Hornback v. United States,* 405 F.3d 999, 1001 (Fed.Cir.2005) (quoting *Young Eng'rs, Inc. v. United States Int'l Trade Comm'n,* 721 F.2d 1305, 1314 (Fed.Cir.1983) (quoting Restatement (Second) of Judgments § 24 (1982))), *reh'g en banc denied* (Fed.Cir. 2005). The United States Court of Appeals for the Federal Circuit held that *res judicata* specifically applies to final judgments involving both jurisdiction and statutes of limitation. *Id.* at 1002.

## CONCLUSION

Mr. Wiley's petition was untimely since he filed it more than fourteen years after the statutory deadline for filing retrospective claims pursuant to the Vaccine Act. Since 42 U.S.C. 300aa–16(a) is a statute of repose and not a statute of limitations, it is not subject to equitable tolling. Also, because this is the second attempt by Mr. Wiley to file for Vaccine Act compensation based on the same claims, the case should have been dismissed as *res judicata*. The Clerk of the Court shall enter JUDGMENT against petitioner and in favor of respondent. The Clerk of the Court is also directed not to accept any future filings from Mr. Wiley based on the facts alleged in Case No. 99–0646V, dismissed by Chief Special Master Golkiewicz, the dismissal of which was affirmed by the United States Court of Appeals for the Federal Circuit, and realleged in the case dismissed by Special Master Edwards in Case No. 05–0911V, now affirmed by this court.

**IT IS SO ORDERED.**