NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-5072

CHRISTOPHER G. WILEY,

Petitioner-Appellant,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent-Appellee.

Christopher G. Wiley, of Jackson, Louisiana, pro se.

Lynn E. Ricciardella, Trial Attorney, Torts Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee.  With her on the brief were Peter D. Keisler, Assistant Attorney General; Timothy P. Garren, Director; Vincent J. Matanoski, Acting Deputy Director; and Gabrielle M. Fielding, Assistant Director.

Appealed from:  United States Court of Federal Claims

Judge Marian Blank Horn

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-5072

CHRISTOPHER G. WILEY,

Petitioner-Appellant,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent-Appellee.

_____

DECIDED: January 10, 2007

_____

Before NEWMAN, RADER, and PROST, Circuit Judges.

PER CURIAM.

Christopher G. Wiley appeals from the judgment of the United States Court of Federal Claims, which affirmed the special master's dismissal of Mr. Wiley's petition for compensation under the National Childhood Vaccine Injury Act ("Vaccine Act"), 42 U.S.C. §§ 300aa-1 to 300aa-34. We affirm.

BACKGROUND

On August 19, 2005, Mr. Wiley submitted a number of documents to the clerk of the Court of Federal Claims. Because of Mr. Wiley's pro se status, these documents were deemed to be a petition for compensation under the Vaccine Act. His petition was

assigned to a special master, who directed Mr. Wiley to: "(a) identify his injury; (b) identify the vaccines that he believes caused his injury; (c) state the dates on which he received the vaccines that he believes caused his injury; and (d) state the date on which his injury began." Mr. Wiley replied on September 8, 2005, alleging that he received "a vaccine in [his] heart and not [his] arm," that he was injured by smallpox and diphtheria-pertussis-tetanus ("DPT") vaccines, that these vaccines were given to him in 1971 and 1974, and that he was nine years old when he was injured by these vaccines.

On September 13, 2005, the special master dismissed Mr. Wiley's petition as untimely. Wiley v. Sec'y of Health & Human Servs., No. 05-0911V, slip op. (Fed. Cl. Spec. Mstr. Sept. 13, 2005). The Court of Federal Claims affirmed. Wiley v. United States, 69 Fed. Cl. 733 (Fed. Cl. 2006). Mr. Wiley appeals the judgment of the Court of Federal Claims.

DISCUSSION

The Vaccine Act provides that the Court of Federal Claims can set aside the decision of a special master if that decision is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 42 U.S.C. § 300aa-12(e)(2)(B). We review de novo the court's determination as to whether the special master's decision was in accordance with the law. See Saunders v. Sec'y of Health & Human Servs., 25 F.3d 1031, 1033 (Fed. Cir. 1994).

On appeal, Mr. Wiley argues that the court incorrectly held that his petition was barred by the statute of limitations. We disagree. The relevant portion of the Vaccine Act states that for vaccines administered before October 1, 1988, "no petition may be filed for compensation . . . after the expiration of 28 months after October 1, 1988, and

no such petition may be filed if the first symptom or manifestation of onset or of the significant aggravation of such injury occurred more than 36 months after the date of administration of the vaccine." 42 U.S.C. § 300aa-16(a)(1). Mr. Wiley states that he was given the vaccines that led to his alleged injury before October 1, 1988. Thus, he needed to file his petition for compensation before February 1, 1991. Because he did not file until August 19, 2005, the Court of Federal Claims properly affirmed the special master's dismissal of his petition.

Next, Mr. Wiley argues that the court failed to apply equitable tolling. Section 300aa-16(a)(1), however, is not subject to equitable tolling. <u>Weddel v. Sec'y of Health & Human Servs.</u>, 100 F.3d 929, 932 (Fed. Cir. 1996). Thus, the court did not err in this regard either.

CONCLUSION

For the foregoing reasons, we affirm the decision of the Court of Federal Claims.

No costs.